## Fidelity Trust Company, Appellant, *v.* Carson.

*Ground rent—Agreement to reduce rents—Counterclaim—Contract.*

An agreement by the owner of a ground rent to reduce the rent "hereafter" from six to five per cent, is without consideration, and will only avail as to executed payments; but a purchaser of the land who has had knowledge of the acceptance of the lesser rate, is entitled to notice of an intention of the owner of the ground rent to demand in future the rate fixed in the deed. Until such notice is given the larger rate cannot be collected.

Argued Dec. 15, 1904. Appeal, No. 225, Oct. T., 1904, by plaintiff, from order of C. P. No. 5, Phila. Co., Sept. T., 1904, No. 1442, discharging rule for judgment for want of a sufficient affidavit of defense in case of Fidelity Trust Company, Trustee of Isaac Ford, deceased, v. John Carson, Covenantor, and Louis M. McCloskey, Real Owner. Before RICE, P. J., BEAVER, ORLADY, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Assumpsit for ground rent.

The opinion of the Superior Court states the case.

*Error assigned* was the order of the court.

*George L. Crawford,* with him *H. Clay Haines,* for appellant.—The agreement as to any future rents was executory and (until executed by both accord and satisfaction as to each payment) was without consideration and not enforceable. An agreement between a debtor and creditor for acceptance of part of the debt in satisfaction of the whole is void for want of consideration unless fully executed, and cannot be enforced while any part of it continues executory: Keen v. Vaughan, 48 Pa.

477; Brockley v. Brockley, 122 Pa. 1; McNutt v. Loney, 153 Pa. 281.

Doing what is legally bound to do is not a consideration to support a promise: Shartzer v. Rutter, 1 Pearson, 543; Smith v. Whildin, 10 Pa. 39; Wimer v. Worth Twp. Overseers, 104 Pa. 317; Cleaver v. Lenhart, 182 Pa. 285; Hartman v. Danner, 74 Pa. 36.

*Stanley Folz,* with him *Leon H. Folz,* for appellees.—There was consideration for the agreement to reduce the rent: Austyn v. McLure, 4 Dall. 227; Harlan v. Harlan, 20 Pa. 303; Caldwell v. Heitshu, 9 W. & S. 51; Spangler v. Springer, 22 Pa. 454; Howe v. Taggart, 133 Mass. 284; Strong v. Sheffield, 144 N. Y. 392 (39 N. E. Repr. 330).

The reduction of the ground rent to five per cent "hereafter" was permanent, to endure throughout the existence of the ground rent in favor of the terre-tenant or his assignees.

The liability of an assignee or grantee of a terre-tenant for ground rent is measured by the liability of his grantor. The covenant to pay ground rent runs with the land and binds assignees, though not named; but the assignee is liable for the rent only "in the same manner" as his assignor: Royer v. Ake, 3 P. & W. 461; Stayton v. Graham, 139 Pa. 1.

OPINION BY HENDERSON, J., July 13, 1905:

The deed which is the basis of this action, creates a redeemable ground rent payable half yearly, at six per cent per annum. On November 27, 1889, Leon H. Folz, the then owner of the fee, paid to the trustee of the estate owning the ground rent, interest for six months, and received from the trustee a paper in the following form:

" PHILADELPHIA, Nov. 27, '89.

" Recd. of Leon H. Folz one hundred and eighty three dollars for 6 mos. grd. rent.   Int on 1921 Wallace St. from Feb. 1, 89, to Aug. 1, 89.   Hereafter from Aug. 1, 89, the interest on the above ground rent has been reduced to 5 % or $305 per annum.

" H. C. FORD,

"$183.00/100        Trustee of the estate of Isaac Ford."

Afterward, up to the time this action was brought, interest was paid and received at the rate of 5 % per annum.  This paper and the subsequent conduct of the trustee was sufficient, as claimed by the defendant, to effect a continuing reduction of the rate of interest from six to five per cent, and that no more than that amount can be hereafter recovered on the charge. The rights of the parties are to be determined by the paper quoted.  It is not under seal, nor is any consideration recited therein.  It is alleged in the affidavit of defense that the trustee requested Folz to permit the ground rent to remain upon the property, and as an inducement thereto, agreed to reduce the annual payments from six to five per cent, and that Folz agreed to permit the ground rent to remain upon the property on the express condition that the annual payments be reduced as proposed.

It is not alleged, however, that there was any undertaking by the tenant that the ground rent should remain upon the property for any definite term.  So far as appears from the allegations of the affidavit, he might at any time thereafter have paid off the principal and discharged the property.  If we concede that forbearance to pay off would be a sufficient consideration for a reduction of the rent, the obligations of the parties must be mutual.  Unless Folz was bound not to pay the principal, the trustee was not bound to a continuing reduction.  It seems very clear that the trustee could not have refused to accept the principal if it had been tendered to him by the tenant, and that the latter was under no legal obligation to permit the charge to remain on his property.  The receipt of November 27, 1889, amounted, therefore, only to a concession of a lower rate of interest than that fixed in the deed during the pleasure of the trustee.  It was an agreement as to future payments of rent without consideration.  An executory agreement made by a creditor to accept a part of a debt in satisfaction of the whole cannot be enforced while any part of it remains executory : Brockley v. Brockley, 122 Pa. 1 ; McNutt v. Loney, 153 Pa. 281.

The tenant was bound by the terms of the deed under seal to pay six per cent.  Where the lower rate is accepted, the agreement is not executory, and as to that the parties are bound. For another reason, however, the action of the court in discharging the rule should be sustained.  The conduct of the

trustee in accepting five per cent and in accounting for rent at that rate, of which facts the present owner had knowledge, induced the latter to believe that the rate would continue to be the same ; otherwise he was at liberty to pay the principal and relieve himself from the payment of the yearly interest. He was therefore entitled to notice of an intention of the trustee to demand in future the rate of interest fixed in the deed. He has been misled by the course of conduct of the plaintiff to his prejudice and as to the installment of interest sued for, the latter is estopped from demanding a greater amount than that which he induced the owner to believe would be accepted in discharge of his liability. After notice by the trustee, the plaintiff's rights are according to the terms of the ground rent deed.

The judgment is affirmed.