## West Point Cotton Mills *v.* Blythe, Appellant.

*Debtor and creditor—Payment—Check—Set-off—Account—Accord and satisfaction.*

Where a debtor sends to his creditor a check which is for a less amount than the creditor's claim by the amount of a set-off shown by a statement of account accompanying the check, but no notice is given the creditor that the acceptance of the check would amount to a payment in full of the debt,

or that it would be treated as a satisfaction of all demands, the use of the check is not an accord and satisfaction of the debt.

*Contract—Sale—Breach of contract—Evidence—Acceptance.*

In an action to recover a balance alleged to be due for goods sold and delivered, it appeared that the plaintiff authorized the defendant by telegraph to sell yarn at twenty-two cents. Two days afterwards the defendant advised the plaintiff, by letter, that he had sold at twenty-one and three quarter cents, "which we trust will be satisfactory. You gave us twenty-two cents as stated as the price for the yarn, we could not get it, as we have explained. We are sending order to you at a quarter of a cent more than we obtained and we hope as stated that it will be satisfactory. We shall leave it, however, in your hands." The plaintiff declined to deliver the yarn at the lower price and the defendant was obliged to supply his customer from another source at a higher price. Defendant claimed to set off this loss against plaintiff's claim. *Held,* that the letter left the order and not the price in the plaintiff's hands, and the plaintiff was not bound to recognize the qualified acceptance of the defendant, nor liable in damages for refusing to do so.

Argued Oct. 17, 1905. Appeal, No. 123, Oct. T., 1905, by defendant, from order of C. P. No. 2, Phila. Co., Dec. T., 1904, No. 4337, making absolute rule for judgment for want of a sufficient affidavit of defense in case of West Point Cotton Mills v. Richard A. Blythe. Before RICE, P. J., BEAVER, ORLADY, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Assumpsit for goods sold and delivered.

Defendant's affidavit of defense was as follows:

Deponent admits that on December 2 or 3, 1903, the plaintiff consigned to the defendant the yarn mentioned in the statement of claim, and further admits that after the sale of said yarn, and after deduction for discount and commission, as set forth in the statement, plaintiff was entitled to $706.94.

Deponent further admits that payment of the check for the said sum of $706.94 was stopped, as set forth in the statement, for the reasons hereinafter set forth.

That as a defense to the claim of the plaintiff, deponent avers as follows:

Plaintiff company is engaged in the business of spinning and weaving yarns at its mills in West Point, Mississippi, and the defendant is a commission broker in yarns and cottons in the city of Philadelphia.

That for a period of several years past, plaintiff and defend-

ant have had numerous transactions with each other in the matter of buying and selling yarns and warps, and sales and purchases were made and accounts entered into between the parties during said period.

That on September 19, 1904, the plaintiff telegraphed to defendant to sell 15,000 pounds of 36-2 ply at twenty-two cents per pound, a copy of which telegram is hereto annexed, marked exhibit " A," together with the translation thereof under the code agreed upon between plaintiff and defendant as follows: " Telegraphed sell 15,000 pounds 36-2, 22c., wire answer."

That the best price which the defendant could procure for said yarn was twenty-one and three-fourths cents, and sent an order for 7,500 pounds of said yarn at said price of twenty-one and three-fourths cents, informing plaintiff that unless the defendant sold the same at the price of twenty-one and three-fourths cents he would lose the sale thereof; but if plaintiff would not accept the said price as named by defendant, then, as stated by the defendant, the price of twenty-one and three-fourths cents or twenty-two cents was left entirely in the hands of the plaintiff.    That copies of said order and communication sent therefor are hereto annexed, marked exhibits " B " and " C."

That after said order was sent, plaintiff refused to ship said yarn, and has still refused to ship the same, after repeated demands made by the defendant.

That the customer of the defendant for whose account said yarn was ordered by the defendant of the plaintiff, having made demand upon the defendant for the delivery of said 7,500 pounds of yarn, the defendant, after due notification to the plaintiff that he would go into the open market and purchase the said yarn at the best price that the same could be purchased for, and would hold the plaintiff liable for the difference, did go into the open market and purchase 7,500 pounds of yarn at the best price that the same could be purchased for, at the time of said purchase, to wit: twenty-five cents per pound, in the month of October, 1904.

That the loss to the defendant of 7,500 pounds of yarn at twenty-five cents per pound, less the usual and customary discount and commission, amounted to $207.34.

That there was due to plaintiff by the defendant for account

of yarns sold on September 1, 1904, the sum of $706.94.    That in the latter part of September, 1904, the defendant sent his check to the plaintiff for the said sum of $706.94.

That because of a dispute having arisen between the plaintiff and defendant by reason of the failure of the plaintiff to ship the yarns as above set forth, and which dispute was not adjusted between the parties until the early part of November, 1904, and for the purpose of enabling the defendant to properly adjust his just and true account between himself and the plaintiff for the yarn consigned as mentioned in plaintiff's statement, and for other yarns and interest accounts due by the defendant to the plaintiff, the defendant did, on November 11, 1904, send to plaintiff his certain check for the sum of $616.11, being in full of all accounts and transactions between the parties, plaintiff and defendant, as follows:

Amount due plaintiff on Sept. 1, 1904, $706.94
Interest on same,    .    .    .    .    .    1.98
                                        ——708.92
Interest on last mentioned sum from
    September 1 to Sept. 20, 1904,    .    .    .    3.55
Other sales for account of plaintiff    .    .    .    101.36

                                              $813.83
Interest on last mentioned sum from
    October 1 to November 1, 1904,    .    .    .    4.21
Other sales for account of plaintiff,    .    .    5.41

                                              $823.45

That when defendant sent to plaintiff his check for $616.11, as aforesaid, he sent at the same time, inclosed in the same envelope, a statement of all transactions and accounts between the parties, together with a written memorandum of defendant's claim for three cents per pound, being the difference at which plaintiff sold the yarn to defendant, and the price at which defendant was obliged to purchase the same after the plaintiff's refusal to deliver it, as above set forth, and which memorandum shows a credit to the plaintiff of the usual and ordinary five per cent commission of three per cent discount liable in the trade, and which said check of $616.11, as accompanied by the said statement and memorandum as aforesaid,

was accepted in full of all accounts between the plaintiff and defendant.

That copies of said check, statement and memorandum are thereto annexed, marked exhibits " D," " E," " F."

"EXHIBIT ' C.'

" Sept. 21st, 1904.

" West Point Cotton Mills,
      " West Point, Miss.
" Gentlemen :—

      "We confirm our telegram instructing you to ship 7,500 lbs. of 36-2 ply skein, and beg to enclose order for the same here-with. Now the price you gave us was 22 cents. Our customer had this yarn offered by two other houses at $21\frac{1}{2}$ cents. We had either to take this price or lose it, so therefore rather than be cut out of the trade we closed with the customer and we are dividing our commission with you and sending the order to you at $21\frac{3}{4}$ cents, which we trust will be satisfactory. You gave us 22 cents, as stated, as the price for the yarn. We could not get it as we have explained. We are sending the order to you at a quarter of a cent more than we obtained, and we hope, as stated, that it will be satisfactory. We shall leave it, however, in your hands. We did not want to get out with customer and we thought it advisable to sell. The same customer has a lot of 40-2 ply offered to him at 22 cents. I don't know whether this would appeal to you or not. I have wired you to know whether you would care to close out 5,000 to 10,000 lbs. of 40-2 ply at 22 cents and now await your reply.

      " In making this shipment, please have it traced, as customer wants prompt delivery, and shipments from West Point are at times greatly delayed, therefore, as requested, please do not fail to trace, and oblige,
            " Yours truly,
                  " RICHARD A. BLYTHE."

The court made absolute rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was the order of the court.

*Jere J. Crowley*, with him *Henry C. Huey*, for appellant, cited as to the check : Krauser v. McCurdy, 174 Pa. 174 ; Gas

Co. v. Johnson, 123 Pa. 576 ; Christman v. Martin, 7 Pa. Superior Ct. 568.

*G. Albert Smyth*, for appellee, cited: Krauser v. McCurdy, 174 Pa. 174 ; Ziegler v. McFarland, 147 Pa. 607 ; Girard Fire & Marine Ins. Co. v. Canan, 195 Pa. 589.

OPINION BY HENDERSON, J., December 11, 1905:

The correctness of the plaintiff's claim is admitted in the affidavit of defense. The defense consists of an alleged set-off, and an accord and satisfaction. It is very clear that the averment of the affidavit that a check sent to the plaintiff was accepted in full of all accounts was not intended as an assertion that the plaintiff had agreed to so accept. It is the defendant's conclusion from the facts. The plaintiff received the check and used it. It was accompanied by another paper containing a statement of the defendant's account with the plaintiff in which a credit was claimed for damages on account of the failure of the plaintiff to deliver yarn in accordance with a contract which the defendant alleges was entered into. No notice was given to the plaintiff when the check was sent that its acceptance would amount to a payment in full of the plaintiff's claim, or that it would be treated as a satisfaction of all demands. Nor was the plaintiff informed that a compromise was tendered. The amount of the check was admitted to be due by the defendant, and the copy of the account accompanying it was apparently intended as a statement of what the latter considered the plaintiff owed him on account of the alleged breach of contract. There was no memorandum on the check that it was to be received in full of all claims or to be accepted in full of all accounts, or to be accepted in connection with the statement of account inclosed. In Ziegler v. McFarland, 147 Pa. 607, a check was sent for a part of a claim and with the check a receipted bill for a counterclaim. The check was cashed and the receipt retained for a time, but the transaction was held not to amount to an accord and satisfaction because there was no positive averment in the affidavit of defense that the payment was conditional, or that an express direction for its application was given. So here, there is an absence of notice to the plaintiff that the receipt of the check would be con-

sidered satisfaction of the account.    The defendant's allegation
that the check was accepted in full of all accounts between the
plaintiff and the defendant is clearly argumentative.

The claim of set-off depends upon the interpretation of the
defendant's letter of September 21, 1904, in reply to the plain-
tiff's telegram of September 19, 1904.    The telegram author-
ized the defendant to sell yarn at twenty-two cents.    Two
days afterward, the defendant advised the plaintiff, by letter,
that he had sold at twenty-one and three-quarter cents, "which
we trust will be satisfactory.    You gave us twenty-two cents
as stated as the price for the yarn, we could not get it, as we
have explained.    We are sending order to you at a quarter of
a cent more than we obtained and we hope, as stated, that it
will be satisfactory.    We shall leave it, however, in your
hands."    The plaintiff declined to deliver the yarn at the lower
price and the defendant was obliged to supply his customer
from another source at a higher price.    The difference in price
he claimed to charge against the plaintiff.    The evidence of
the transaction between the parties is in writing and its inter-
pretation is for the court.    It seems apparent that the defend-
ant's letter was not an acceptance of the plaintiff's offer con-
tained in the telegram.    It named a price lower than that
given by the plaintiff and expressed the hope that the latter
would accept the price.    The words in the letter were, "We
are sending the order to you at a quarter of a cent more than
we obtained and we hope, as stated, that it will be satisfactory.
We shall leave it, however, in your hands."    We are unable
to accept the defendant's interpretation of the letter, that the
subject which he left in the plaintiff's hands was the price and
not the order.    The plaintiff was not bound to recognize the
qualified acceptance of the defendant, nor liable in damages
for its refusal so to do.

The judgment is affirmed.