# Philadelphia, Baltimore & Washington Railroad Company *v.* Walker, Appellant.

*Accord and satisfaction—Payment—Consideration—Check—Counter-claims.*

1. An agreement to accept a smaller sum in satisfaction of a larger one, presently due, is without consideration and cannot be enforced.

2. In an action by a railroad company to recover a freight bill of $56.00 the validity of which was not disputed, it appeared that the defendants had an unsettled claim against the plaintiff amounting to $45.98. The evidence showed that before the suit was brought the plaintiff sent its bill to the defendant, and the defendant returned it with a letter in which they stated that they had deducted their own bill of $45.98, leaving a balance due of $10.02, for which they inclosed their check, which was in the ordinary form without any statement as

to any terms or conditions attached to its receipt. Subsequently the plaintiff wrote a letter in which it was stated that the check was returned and demanding a payment of the bill as rendered. By a mistake the check was not inclosed. Subsequently the defendants wrote calling attention to the fact that the check was not inclosed and saying "We will return it to you if it arrives." The letter further said that the settlement was final unless the plaintiff preferred to pay defendant's claim of $45.98, and then have the defendant pay the freight bill of $56.00. The plaintiff finally retained the check, credited the amount on the freight bill and brought suit for the balance. *Held* that a verdict and judgment for plaintiff for $45.98 should be sustained.

Argued Nov. 23, 1910. Appeal, No. 124, Oct. T., 1910, by defendants, from judgment of C. P. Chester Co., Aug. Term, 1909, No. 113, on verdict for plaintiff in case of Philadelphia, Baltimore & Washington Railroad Company v. S. C. Walker & Company. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Assumpsit to recover the amount of a freight bill. Before HEMPHILL, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $45.98. Defendants appealed.

*Error assigned* amongst others was in giving binding instructions for plaintiff.

*J. Frank E. Hause*, for appellants.—If, pending the adjustment of a disputed liability, the debtor transmit money to his creditor as a payment in full of the demand, the creditor may not receive and retain the money as a credit upon a larger sum claimed by him, without discharging the debtor as to the whole: Washington Natural Gas Co. v. Johnson, 123 Pa. 576; Ziegler v. McFarland, 147 Pa. 607; Christman v. Martin, 7 Pa. Superior Ct. 568; West Point Mills v. Blythe, 29 Pa. Superior Ct. 642.

*A. M. Holding*, for appellee.—There was no accord and satisfaction: Hosler v. Hursh, 151 Pa. 415; West Point Cotton Mills v. Blythe, 29 Pa. Superior Ct. 642; People

v. Courtland County Board of Supervisors, 40 How. Pr. 53; Miller v. Holden, 18 Vt. 337; Nassoiy v. Tomlinson, 65 Hun, 491 (20 N. Y. Supp. 384); Eames Vacuum Brake Co. v. Prosser, 157 N. Y. 289 (51 N. E. Repr. 986).

OPINION BY HEAD, J., March 3, 1911:

It is agreed in the case stated that on January 22, 1908, the defendants were indebted to the plaintiffs in the sum of $56.00 for freight on an interstate shipment delivered by the latter to the former. There is no dispute whatever as to the amount of this bill and the fact that it was then due and owing. At the same time it appears that defendants had an unsettled claim against the plaintiff arising out of other transactions for alleged shortage on coal and damages to goods shipped amounting to $45.98. This claim was under investigation, but its correctness had not been and is not in the present record conceded.

On the date named the defendants wrote a letter to the plaintiff company enclosing their own bill. Whether it was receipted or not the letter does not show. After complaining of the tardiness of the plaintiff company in adjusting their claim, the defendants' letter states: "We therefore enclose your freight bill of $56.00, being the freight on P. R. R. Car No. 14,390, and after deducting our bill of $45.98, it leaves a balance due you of $10.02, and we herewith enclose you check for same." The check inclosed was in the ordinary form and contained no statement of any terms or conditions attached to its receipt. On February 25, 1908, the plaintiff company wrote a letter to the defendants stating that their check referred to was therewith returned and adding "Our bills are payable as rendered, and I would therefore be obliged if you will send us your check for the amount due." Through some mistake, for which the record offers no explanation, the check was not inclosed. Two days later, on February 27, the defendants acknowledged the receipt of that letter, calling attention to the fact that the check was not inclosed and stating: "We will return it to you if it arrives." This let-

ter again voiced the dissatisfaction of the defendants at what they alleged to be the undue delay in adjusting their claim, and then added, "and this settlement is final unless you prefer to pay us our claim of $45.98 and then have us pay the freight bill of $56.00." The plaintiff company finally retained the check for $10.02, credited the amount thereof on the freight bill owing by the defendants and brought this action to recover the balance thereof. The learned court below directed a verdict in favor of the plaintiff and the defendants appeal.

In Martin v. Frantz, 127 Pa. 389, Mr. Justice MITCHELL said: "It is too well settled to admit of discussion that an agreement to accept a smaller sum in satisfaction of a larger one, presently due, is without consideration and cannot be enforced: Brockley v. Brockley, 122 Pa. 1; and the actual acceptance of such smaller sum is not a good discharge of the debt, even as accord and satisfaction: Mechanics' Bank v. Huston, 11 W. N. C. 389." It is clear therefore that the retention by the plaintiff of the defendants' check will not enable the latter to successfully plead an accord and satisfaction of the larger sum admitted to be due.

The defendants do not, however, rely merely on the fact that the plaintiff received and retained their check, but they argue that the retention of that check, after their statement in their letter of February 27, "This settlement is final unless you prefer to pay us our claim of $45.98 and then have us pay the freight bill of $56.00," brings this case within the principle declared in Washington Natural Gas Co. v. Johnson, 123 Pa. 576. In that case there was a dispute between the parties as to the construction of certain covenants in a gas lease. The amount legally due to the lessor was dependent on the proper construction of the instrument. With matters in that state the gas company sent a check to the attorney of the lessors which was expressly stated to be in full for the Johnson lease for a certain year named. A receipt was returned stating that the check had been received for the rental of

a particular well on the lease. The treasurer of the company promptly returned the receipt, saying that the check had been sent, and so stated, in full for the Johnson lease, and requesting its return if not accepted as sent. It was not returned. Mr. Justice WILLIAMS, speaking for the court, said: "The party paying money has the right to direct its appropriation. It was the plain duty of the lessor to accept the check for the purpose for which it was offered, or to return it. Attention was again drawn to the subject by the treasurer in a note dated July 21st, asking the return of the check unless accepted as in full payment of all rents due on the lease. The refusal to return it after this explicit direction ought to be regarded as an election to accept it for the purpose for which it was offered."

The distinction between that case and the one presented by this record seems to us to be evident. The check in the present case contained no memorandum of any kind. indicating that it was to be accepted on any particular terms. Nor did the defendants' letter of January 22, in which it was inclosed, make anything like a specific declaration that an acceptance of the check would be regarded as a payment in full of their account, or that unless so accepted it should be returned. That letter merely exhibited a statement of a cross demand of the defendant showing a balance of $10.02 due the plaintiff and declaring that a check was inclosed for the balance due. Had the correspondence ended there, we do not think it could possibly be urged that the retention of the check operated in any way as a bar to a collection of the remainder.

But the plaintiff company's reply of February 25 repudiated the idea of any intention on its part to accept the check as a payment in full. It is true the check was not returned. Even then, had the defendants in their letter of February 27, declared that they intended their check with the satisfaction of their account, as a payment in full of the plaintiff's bill, and that if not so accepted by the latter the check should be returned, a different question would arise.

So far from doing this, however, the defendants expressly notified the plaintiff company that it would be useless to return the check, because if it did so they would immediately send it back. Under these circumstances it seems to us it is vain for the defendants to claim that the plaintiff company was bound to return their check before it could maintain an action for the balance of its undisputed claim. As was said by our Brother HENDERSON in West Point Cotton Mills v. Blythe, 29 Pa. Superior Ct. 642, a case much like the present: "The plaintiff received the check and used it. It was accompanied by another paper containing a statement of the defendant's account with the plaintiff in which a credit was claimed for damages on account of the failure of the plaintiff to deliver yarn in accordance with a contract which the defendant alleges was entered into. No notice was given to the plaintiff when the check was sent that its acceptance would amount to a payment in full of the plaintiff's claim, or that it would be treated as a satisfaction of all demands." This language is precisely applicable to the facts presented by the record before us. No such statement as indicated by the language quoted was contained either in the check or in the defendants' letter inclosing it. That being so, it might well be questioned whether the defendants could attach such conditions by their letter of subsequent date. But even conceding for the sake of the argument that in view of the plaintiff's letter of February 25 indicating its intention to return the check, the question was still open, the defendants, by their letter of the twenty-seventh, distinctly declared that to return it would be useless. In the face of their attitude, thus exhibited, it is not possible they can have brought about the extinguishment or satisfaction of the balance of the claim because the plaintiff retained and used the check. The defendants can complain of no injustice. They have credit for all of the money they paid, and the judgment from which they appeal represents but the balance of a debt, the validity of which they never denied.

The learned judge below, in his opinion refusing judgment n. o. v. for the defendants, points out that the defense offered could not be successfully maintained because of certain provisions of the acts of congress on the subject of freight rates and the decisions of the Interstate Commerce Commission construing them. As the reasons we have already indicated, however, seem to us to furnish satisfactory ground for the judgment rendered, we see no necessity to enter upon a discussion of this question, and accordingly express no views concerning it.

Judgment affirmed.