# Alfred M. Slocum Company *v.* St. Clair, Appellant.

*Debtor and creditor—Payment—Accord and satisfaction.*

1. An agreement between a debtor and a creditor for the acceptance of part of a debt in satisfaction of a larger one, presently due, is without consideration and cannot be enforced, and the actual acceptance of such smaller sum is not a good discharge of the debt, even as accord and satisfaction.

2. Where a creditor sends to his debtor a statement of account showing a balance due of $354, and the debtor returns a check for $24.00, an acceptance of the check is not an accord and satisfaction of the debt,

where it appears that the check was accompanied by a letter in which the debtor claimed certain allowances, set up a counterclaim for losses caused by delay and concluded as follows, "the right to recover this I do not intend in any way to waive by this payment."

Argued Oct. 10, 1912. Appeal, No. 259, Oct. T., 1911, by defendant, from judgment of C. P. No. 1, Phila. Co., June T., 1908, No. 3,092, on verdict for plaintiff in case of Alfred M. Slocum Company v. William S. St. Clair. Before Rice, P. J., Henderson, Morrison, Orlady and Porter, JJ. Affirmed.

Assumpsit for printing. Before Brégy, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $731.66. Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*George Henderson,* for appellant, cited: Mechanics' Bank of Harrisburg v. Huston, 11 W. N. C. 389; Weiss v. Marks, 206 Pa. 513; Goddard v. O'Brien, L. R. 9 Q. B. Div. 37; Wells v. Morrison, 91 Indiana, 51.

*C. Wilfred Conard,* of *Conard & Middleton,* for appellee, cited: Brockley v. Brockley, 122 Pa. 1; Foakes v. Beer, L. R. 9 App. Cases, 605; Washington Nat. Gas Co. v. Johnson, 123 Pa. 576; Krauser v. McCurdy, 174 Pa. 174; West Point Cotton Mills Co. v. Blythe, 29 Pa. Superior Ct. 642; Ziegler v. McFarland, 147 Pa. 607; Millert v. Augustinian College, 36 Pa. Superior Ct. 511; Szook v. Crown, 33 Pa. Superior Ct. 612; P. B. & W. R. R. Co. v. Walker, 45 Pa. Superior Ct. 524.

Opinion by Orlady, J., November 18, 1912:

This action of assumpsit was brought to recover a balance due on a contract for printing 50,000 copies of a catalogue, or booklet according to certain specifications.

The plaintiff's claim aggregated $3,429.26, on which the defendant has paid the plaintiff on account $3,050, to date of November 26, 1906, when the defendant mailed to the plaintiff a letter containing a schedule of the account as he claimed it should be; striking a balance of $24.91, and stated, "I hand you my check for $24.91, in full settlement for the printing for the Catalogue—there are several errors in your bill, as follows: . . . . all these are done on estimate. The remaining charges are arbitrary figures that I cannot account for and must accept, though the item of silk, cases, and alterations are clearly excessive. I should have an allowance on the printing of the cover, which is not up to specifications, and also large losses caused by your delay, which was mainly unnecessary. The right to recover this I do not intend in any way to waive by this payment."

The letter and check were received and the amount, $24.91, credited to the account, leaving a balance of $354.35, which was claimed to be still owing from the defendant on this contract.

Another cause of action related to the printing of 100,000 copies of another booklet aggregated $1,531.95, on account of which the defendant paid $1,149.73, leaving the sum of $382.22 due and owing, and in regard to which there was no controversy.

The defendant contended on the trial below, and in this court, that, there being a dispute in regard to the amount due on the first booklet, that the check for $24.91 had been tendered in full settlement and retained, there could be no recovery for a balance on that job, and submitted a point as follows: "The defendant having paid the plaintiff $24.91, stating that it was in full for amount due on the 50,000 catalogue job; as the plaintiff accepted this check with that condition attached, there can be no recovery for any balance on this job," which the court declined; and refused to decide as a matter of law that there had been an accord and satisfaction under the circumstances of the case, but submitted the question to the

jury upon all the facts. An examination of the letter clearly shows, that the defendant was but exhibiting his counter-statement of claim, and sent his check for the amount which he admitted to be due. The letter expressly declared that it is not a settlement of the demand—but distinctly reserved the right to make claim for other allowances as stated by him, "the right to recover this I do not intend in any way to waive by this payment." It was not tendered as a compromise or a final settlement of this account; the defendant suffered no prejudice in making the payment, as he admitted to be due and owing all that he had paid. It is essential in such cases that there should be a valid dispute, that the tender and acceptance of the sum offered is in settlement of the controversy between the parties, before it can operate as an accord and satisfaction: Washington Nat. Gas Co. v. Johnson, 123 Pa. 576; Krauser v. McCurdy, 174 Pa. 174. An agreement between a debtor and a creditor for the acceptance of part of a debt in satisfaction of a larger one, presently due, is without consideration, and cannot be enforced, and the actual acceptance of such smaller sum is not a good discharge of the debt, even as accord and satisfaction: Martin v. Frantz, 127 Pa. 389; Fidelity Trust Co. v. Carson, 28 Pa. Superior Ct. 418; West Point Cotton Mills Co. v. Blythe, 29 Pa. Superior Ct. 642. It is necessary that the money be offered in satisfaction of the account, and that the offer be accompanied with such a declaration as is equivalent to a condition that if the payment is accepted it shall be a satisfaction: Bernstein v. Hirsch, 33 Pa. Superior Ct. 87; P. B. & W. R. R. Co. v. Walker, 45 Pa. Superior Ct. 524; Millert v. Augustinian College, 36 Pa. Superior Ct. 511. Measured by the standard fixed by these decisions the court was clearly right in submitting the question to the jury to determine whether the check of $24.91 was offered by the defendant and accepted by the plaintiff as a payment in full of a disputed claim.

The judgment is affirmed.