## American Warming & Ventilating Company, Appellant, *v.* Fayette Lumber Company, Limited.

*Debtor and creditor—Payment—Accord and satisfaction—Notice.*

1. Payment of an admitted indebtedness is not a consideration for the release of what is unpaid, but where a dispute exists and payment is tendered and accepted in compromise of the dispute, or in discharge of the obligation, such tender and acceptance works an accord and satisfaction, but the party to whom the payment is made must have notice that it is intended to have such an effect.

2. Where a debtor transmits to his creditor a statement of account showing a balance due and with the letter sends a check for such balance, but neither on the check, nor in the account, nor in any letter

sent therewith, states that the check must be accepted in settlement of the creditor's full claim, there is no accord and satisfaction, although the creditor may have retained the check.

Argued April 21, 1913.   Appeal, No. 145, April T., 1913, by plaintiff, from judgment of C. P. Fayette Co., Dec. T., 1910, No. 250, on verdict for defendant in case of American Warming & Ventilating Company v. Fayette Lumber Company, Ltd.   Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Reversed.

Assumpsit on an alleged balance due on an account. Before UMBEL, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for defendant.   Plaintiff appealed.

*Error assigned* was in refusing binding instructions for plaintiff.

R. A. Balph, with him S. R. Goldsmith and H. George May, for appellant.

E. C. Higbee, of Sterling, Higbee & Matthews, with him F. D. Munson, for appellee.

OPINION BY HENDERSON, J., July 16, 1913:

The plaintiff's action arose out of a contract for the installation of a heating and ventilating system in a school building.   The price to be paid was $5,000.   Payments were made from time to time and after the completion of the work the defendant sent to the plaintiff a statement of account showing credits on the contract of $4,646.05, part of which consisted of charges for labor and material provided by the defendant.   At or about the same time a check was sent by mail to the plaintiffs for

$353.95.   The plaintiff credited the defendant with the amount of the check but objected to some of the items in the bill presented amounting in the aggregate to $98.53. The defendant thereafter refusing to settle the claim this action was brought for the balance alleged to be due on the contract.   Up to the time when the check and statement of account were forwarded by the defendant there was no dispute between the parties and it is conceded that the amount of the check was actually due.   The defendant contends, however, that as to the balance of $98.53 an accord and satisfaction arises because of the transmission of the check and the statement of account to the plaintiff and the appropriation of the check by the latter.   The court refused to give binding instructions and to enter judgment for the plaintiff non obstante veredicto on the plaintiff's suggestion that the evidence did not support the defendant's position, and from that refusal this appeal was taken.   The court's conclusion was based on the decision in Bernstein v. Hirsch, 33 Pa. Superior Ct. 87. In applying it to this case, however, consideration was not given to the necessity of notice to the plaintiff that the check was tendered in satisfaction of the account.   The defendant could have made the payment of the check conditional on the recognition by the plaintiff of the counterclaim, and notice that it was to be so received followed by the retention of the check by the plaintiff would have supported a claim of accord and satisfaction. But the weakness of the defense lies in the circumstance that neither on the check nor the defendant's statement of account nor in a letter accompanying it was any notice given that if the plaintiff accepted the check that act would be taken as a satisfaction of the account.   No express direction was given for the application of the check and the whole theory of the defense is left to inference and the assertion of a legal conclusion.   In Bernstein v. Hirsch, 33 Pa. Superior Ct. 87, there was a controversy between the parties in regard to the quality of the goods, and communications had passed between them on that subject.

The defendant declining to retain a part of the merchandise, returned it and at the same time sent to the plaintiff a statement claiming credit for the goods returned and inclosing therewith a check for the balance of the plaintiff's account notifying him at the same time that the check was to be in settlement of the account. The plaintiff had therefore express notice that the check was to be in discharge of the indebtedness and having been accepted by him such acceptance was evidence of an accord and satisfaction. Zeigler v. McFarland, 147 Pa. 607, also turned on the fact of notice of the intention to make the payments satisfaction of a disputed account. The case before us is not distinguishable from West Point Cotton Mills v. Blythe, 29 Pa. Superior Ct. 647, and Philadelphia v. Walker, 45 Pa. Superior Ct. 524. In each of them a bill was presented as a set-off and a check transmitted for the admitted balance of the account but in neither case was there notice on the check or the cross-demand or letter sent therewith that the check was to be accepted in settlement of the claim; and that is the exact situation of the case before us. It is a familiar principle that an agreement to accept a smaller sum in satisfaction of a larger one then due is without consideration and cannot be enforced. Payment of an admitted indebtedness is not a consideration for the release of what is unpaid, but where a dispute exists and payment is tendered and accepted in compromise of the dispute or in discharge of the obligation such tender and acceptance works an accord and satisfaction but the party to whom the payment is made must have notice that it is intended to have such an effect. The defendant's case lacks evidence that the plaintiff was informed that the acceptance of the check would be treated as a discharge of the balance of its account.

The judgment is reversed, the rule for judgment non obstante veredicto is reinstated and the récord remitted to the court below with instructions to enter judgment thereon for the plaintiff unless other cause be shown to the contrary.