## Godshalk v. Richardson.

*Accord and satisfaction—Payment—Acceptance of smaller sum—Disputed counter-claim.*

1. Where a claim is unliquidated or in dispute, and the creditor accepts a less sum, it operates as an accord and satisfaction.

2. An undisputed claim due a creditor is rendered unliquidated by the assertion by the debtor of a disputed counter-claim or set-off.

3. Where plaintiff sends to defendant a bill for services, the amount of which is undisputed, and the defendant sends his check for a smaller amount, having written upon its face "in full payment of all claims to date," accompanied by a statement that he took credit for the difference as commissions for sale of real estate owed to him by plaintiff, and the plaintiff accepts and uses the check, although denying defendant's claim for commissions, the transaction is an accord and satisfaction, and plaintiff cannot recover the difference.

Motion for judgment n. o. v. C. P. Montgomery Co., June T., 1920, No. 158.

Samuel D. Conver, for plaintiff.

Evans, High, Dettra & Swartz, for defendant.

MILLER, J., Jan. 9, 1922.—The plaintiff, who is a carpenter, and the defendant, who is a real estate broker, had for a long time had business relations, and, prior to July 15, 1919, the former rendered to the latter a bill for work and labor done, amounting to a total of $243.05. It was agreed at the trial that the amount of this bill was correct, that the work had been done, and that the prices charged for it were proper. Standing alone, it was a presently due and unpaid, liquidated and undisputed claim.

It seems, however, that the defendant claimed, but plaintiff denied, that the latter was at the time indebted to him for commissions for selling a house. On July 15, 1919, he, therefore, took the bill in question, wrote on it below its total,

1 D. & C.

"Credit, sale of Columbia Avenue property, $100; balance, $143.05," and then mailed it with his check for this balance, having written upon its face "in full payment for all claims to date," to the plaintiff, who deposited and collected the check through bank on July 17th. On the next day, after its proceeds were in his possession, the plaintiff wrote to the defendant, denying the indebtedness of $100, and stating that he was accepting the check on account. He, at the same time, returned the bill with the notation of the defendant, as above set forth, crossed out by himself and with his own memorandum added to it, "July 18th, on account by check, $143.05; balance, $100," and demanded payment of this balance. Such payment was refused, whereupon this suit for its recovery was brought. The trial was confined to the disputed question of fact of whether the plaintiff had owed the defendant the $100 for his services as a broker, and the verdict was in favor of the plaintiff for the full amount of his claim. We refused defendant's motion for a compulsory non-suit and request for binding instructions in order that the question of law involved in the case might, on a motion for judgment *non obstante veredicto*, if the verdict was for the plaintiff, receive more mature consideration than was possible during the trial.

The real defence was, of course, that the plaintiff's retention and use of the check in question after such positive notice that it was sent in full payment of all claims to date constituted an accord and satisfaction, whereby his claim for the balance of his account was barred. Such would undoubtedly have been the case had plaintiff's claim been disputed, but it was not. As we view it, the exact question of law on which the case turns is, therefore, whether or not the defendant's disputed set-off or counter-claim, having its origin, as is the case, in another transaction, itself made plaintiff's account such an unliquidated one as to be the subject-matter of an accord and satisfaction.

It is only in the rarest of cases, where the facts are so exceptional there can be no doubt of the intention of the parties, that the payment of a portion of an existing debt can work the legal satisfaction and extinguishment of the whole of the debt: Barry v. Caplin, 73 Pa. Superior Ct. 487. The debt must be unliquidated and disputed before it can have that effect.

1 Ruling Case Law, 198, relying on Tanner v. Merrill, 108 Mich. 58; 65 N. W. Repr. 664, declares that a dispute as to the right to a set-off or counter-claim against an otherwise undisputed claim has properly been held to render the claim, as a whole, a disputed claim, as the claim should be treated as a single claim, consisting of the undisputed part and the set-off or counter-claim. Also, see Clark v. Summerfield Co., 40 R. I. 254; 100 Atl. Repr. 499, and 1 Corpus Juris, 556, § 78.

It is true that there is a technical difference between such a case and one of a controversy as to the amount due, but the principle which governs them is the same. Whatever may be the ground of the dispute, the fact remains that there is one: Hull v. Johnson et al., 46 Atl. Repr. 182. Moreover, until the amount of the counter-claim is determined, it is uncertain what the defendant's debt to the plaintiff is: Stanley-Thompson Liquor Co. v. Southern Colorado Mer. Co. (Colo.), 178 Pac. Repr. 577, 4 A. L. R. 471.

Many of the cases bearing on this question are collected in the note to the last-cited case as it is to be found reported in 4 A. L. R. 471. It is there declared that, by the great weight of authority, an undisputed claim due a creditor is rendered unliquidated by the assertion by the debtor of a disputed counter-claim or set-off, and suggested as a reason that such is the law, that "the decisions on this point may have been influenced, to some extent at least, by dissatisfaction with the general rule that part payment of a liquidated and

undisputed indebtedness furnishes no consideration for the release of the remainder of the indebtedness and the disposition to limit that rule as narrowly as possible."

There is, however, respectable authority which is squarely in conflict with the rule just cited (1 C. J. 556, § 78; 4 A. L. R. 474), but, as stated, the great weight of authority outside of our own State gives it support.

In quite a number of our own cases it is to be observed that the plaintiff's account was not in dispute, while the set-off claimed by the defendant was. And all seem to have been disposed of as though it were conceded that this situation gave rise to a disputed claim within the operation of the accord and satisfaction principle. See West Point Cotton Mills v. Blythe, 29 Pa. Superior Ct. 642; P., B. & W. R. R. Co. v. Walker, 45 Pa. Superior Ct. 524, and Barry v. Caplin, 73 Pa. Superior Ct. 487.

We hold, therefore, that, although the amount of the plaintiff's bill was not in controversy, the fact that, at the time when defendant sent him the check for $143.05, the latter's deducted counter-claim or set-off was in dispute, in that the plaintiff denied liability for it, rendered the plaintiff's claim of $243.05 unliquidated within the contemplation of the law.

And the rule that the debtor's disputed counter-claim makes the creditor's undisputed claim unliquidated and the subject of an accord and satisfaction is, in our opinion, not affected by the fact that the counter-claim does not grow out of the same transaction which gave rise to the plaintiff's claim: Stanley-Thompson Liquor Co. v. Southern Colorado Mer. Co. (Colo.), 178 Pac. Repr. 577. We are aware that Cartan & Jeffrey v. Wm. Thackaberry Co. (Iowa), 117 N. W. Repr. 953, is directly to the contrary, and observe that the opinion in neither case contains any citation of authority to support it. We base our opinion on this branch of the case, at least to some extent, on the fact that, of the Pennsylvania cases, in West Point Cotton Mills v. Blythe, 29 Pa. Superior Ct. 642, the counter-claim seems to have grown out of a transaction different from that on which the plaintiff's claim was based, and the fact is not even mentioned in the opinion; and in P., B. & W. R. R. Co. v. Walker, 45 Pa. Superior Ct. 524, such was undoubtedly the case, but the plaintiff made no point of it, and the question was not regarded as of sufficient importance to receive consideration.

Moreover, there does not appear to be any reason upon which to base the limitation of the application of the rule to be found in the Iowa case. If the rule itself is intended to serve as but a convenient avenue of escape from the hardship of the principle that part payment of a liquidated debt furnishes no consideration for the release of the remainder, it is not at once apparent why the counter-claim need be confined to the same transaction. And this is especially true where such counter-claim does not consist of damages ex delicto, or even arising out of breach of contract, but, as is the case here, it does consist of a matter which could have been set up by the defendant in a suit by the plaintiff on his claim.

Plaintiff's claim was, therefore, unliquidated. It is settled that where a claim is unliquidated or in dispute, payment and acceptance of a less sum than claimed, in satisfaction, operates as an accord and satisfaction (1 Corpus Juris, 551, § 71), because it is the right of one paying money to direct its appropriation and to make a payment conditional on the recognition of a claim for set-off: Bernstein v. Hirsch, 33 Pa. Superior Ct. 87, 89; Washington Natural Gas Co. v. Johnson, 123 Pa. 576, 593.

In order, however, to constitute an accord and satisfaction, it is necessary that the money should be offered in full satisfaction of the demand, and be

1 D. & C.

accompanied by such acts and declarations as amount to a condition that the money, if accepted, is accepted in satisfaction; and it must be such that the party to whom it is offered is bound to understand therefrom that, if he takes it, he takes it subject to such conditions: Bernstein v. Hirsch, 33 Pa. Superior Ct. 87; Society, &c., v. Loeb et al., 239 Pa. 264.

And if one of the parties to a contract, where the amount has been liquidated, wishes to abate his claim against the creditor, it must be shown the creditor understood, or should have understood, that he was doing so when he received the consideration named: Dillon's Estate, 269 Pa. 234, 243. It then becomes the plain duty of the creditor to accept the check for the purpose for which it was offered or to return it: Washington Natural Gas Co. v. Johnson, 123 Pa. 576.

It remains only to apply these principles of law to the facts before us. The bill, with the deduction noted on it, was sent to the plaintiff, together with the check for the balance, marked "in full payment for all claims to date." The notice that the payment was intended to be in full was positive and clear. It then became the plain duty of the plaintiff to accept the check for the purpose for which it was offered or to return it. He elected to do the former, kept the check and collected it through bank. This all was done before the letter of July 18th was written.

It was then, and is now, too late to escape the effect of his own action. The accord had been fully executed. It had been followed by satisfaction. Action on the original claim was thereby barred.

And now, Jan. 9, 1922, the motion is entertained and, for the reasons stated, is allowed, and the prothonotary is ordered to enter judgment in favor of the defendant and against the plaintiff *non obstante veredicto.*