### Wallace's Estate.

*Trusts and trustees—Will—Discretionary power vested in trustee to spend corpus—Power not arbitrary—Accord and satisfaction—Payment of lesser sum for greater, not good settlement.*

1. Where, by the terms of her will, testatrix directs her trustee to pay the interest from a certain fund for the maintenance of a lunatic and to expend the *corpus* for that purpose, when, in the discretion of the trustee, the same shall become necessary, the power vested in the trustee is not arbitrary, but he is bound to expend the *corpus* whenever the interest from the fund is clearly not sufficient to maintain the lunatic.

2. A settlement, not under seal, made between the trustee and the Commonwealth, which had maintained the lunatic, for a sum less than the undisputed amount clearly due the State, is not an accord and satisfaction, because the trustee has done nothing it was not already bound to do, and the State can come in on the fund at a later date and recover the full amount of its claim.

Exceptions to auditor's report. C. P. Franklin Co., Vol. B, page 371.

*G. Wilson Swartz* and *Albert Strite*, for exceptions.

*Charles Walter*, Special Attorney for State, contra.

GILLAN, P. J., Feb. 19, 1923.—M. Elizabeth Wallace died, having left a will, which was duly admitted to probate on June 30, 1900. The portion of her will which concerns the matter now under consideration is as follows: "The remaining one-half I give and bequeath unto my brother, Thomas M. Wallace, for and during the period of his natural lifetime, the same to be paid to Dr. David Maclay, who is the committee of his estate, and the said Dr. David Maclay, committee as aforesaid, shall pay for the maintenance and support of my said brother such income as he shall be able to obtain from the investment of the said sum of money, and, in case it shall be necessary to use a part or the whole of said principal sum for the support of my said brother during his lifetime, the said Dr. David Maclay, committee as aforesaid, shall have the right and power, at his discretion, to expend the said principal sum for such purposes, or such part thereof, as in his judgment shall be required to properly provide for the maintenance and support of my said brother. . . . At the death of my said brother, if any portion of the said fund shall be left or unex-

3 D. & C.

Wallace's Estate.

pended, I will and bequeath the same unto my sister, Roberta Hefflefinger." The portion of the estate thus bequeathed passed into the hands of Dr. David Maclay as committee. Dr. Maclay has since died, and the Chambersburg Trust Company was appointed his successor. Mrs. Roberta Hefflefinger has also died. The fund in the hands of the Chambersburg Trust Company is the identical fund which Dr. Maclay received from the estate of M. Elizabeth Wallace. The fund now before the auditor is being claimed by the administrator of Roberta Hefflefinger. The State of Pennsylvania, however, presents a claim against said fund, and asks that it be paid.

Thomas M. Wallace was for many years supported and maintained for a while at the Harrisburg State Hospital, and for a while at the hospital at Wernersville. The State of Pennsylvania is now claiming compensation for the services thus rendered. The said Dr. Maclay, as well as the said Chambersburg Trust Company, each paid a portion of the maintenance in the said hospitals. There is now presented a claim, verified by the affidavits of the superintendents of those hospitals, as required by the 5th section of the Act of June 1, 1915, P. L. 661. No question is raised as to the correctness of the amount claimed. The account, being verified, has established a *prima facie* claim. The amount has never been disputed. The payment of this claim is contested by the administrator of Roberta Hefflefinger on two grounds: (1) That Dr. Maclay exercised the discretion given him by the will and that he expended what was properly to be expended, and that there can be no further demand made on the fund. In other words, the trust has been administered in accordance with the directions of the will, and that no further claim can be made on it. We think this proposition cannot be maintained. In the first place, the discretion authorized by the will was a legal discretion; it could be controlled or supervised by the law. In the second place, the fund was left for the express purpose of supporting this lunatic, and the State had a right to demand from that fund payment for his support.

As well said by the learned auditor in his report, this question is ruled by the authority of Erisman v. Directors of the Poor, 47 Pa. 509, and, in accordance with that authority, the position taken by the exceptants cannot be maintained. Further, the exceptants contend that the claim, as here presented, has been paid; not paid in full, but it has been compromised and settled, and that, therefore, the State cannot recover. On Aug. 20, 1917, John Hyatt Naylor, special attorney for the Commonwealth of Pennsylvania, received from the Chambersburg Trust Company, then committee of Thomas M. Wallace, the sum of $1244.77, in compromise and settlement of all claims due the Commonwealth up to and including May 31, 1917, and Oct. 23, 1894. This money was by the said John Hyatt Naylor turned into the Treasury of the State. On May 19, 1922, the Chambersburg Trust Company passed a resolution, refusing to consent that any of the funds in its hands and received from the estate of M. Elizabeth Wallace shall be applied to the support and maintenance of Thomas M. Wallace. The claim, so far as the correctness of it is concerned, was at no time disputed by the committee. This raised squarely the question whether or not the payment of the sum paid by the committee, which was only a portion of the amount said to be due, and which was in the way of compromise, was an accord and satisfaction. "An agreement to accept a smaller sum in satisfaciton of a larger one presently due is without consideration and cannot be enforced." There was here no dispute. No advantage accrued to the State of Pennsylvania in accepting only partial payment. There was nothing concealed; each party was acquainted with all the facts. The rule is that "a partial payment of an undisputed claim cannot be treated

Wallace's Estate.

as an accord and satisfaction, and the balance of the debt can be recovered, although there was an actual agreement to receive the amount paid as a complete payment of the debt." This is a long established rule, and while it has been severely criticised in some jurisdictions, it has never in the State of Pennsylvania been departed from, and, therefore, must control this distribution: Tustin v. Phila. & Reading Coal and Iron Co., 250 Pa. 425; Slocum Co. v. St. Clair, 52 Pa. Superior Ct. 98; American Warming and Ventilating Co. v. Fayette Lumber Co., 54 Pa. Superior Ct. 211; Com. v. Cummins, 155 Pa. 30. What we have said controls the questions at issue in the matter before us. A discussion of all the exceptions filed to the report would be a waste of time.

From what has been said by us it clearly appears that the conclusions of the auditor were right, and, therefore, without mentioning the exceptions in detail, they are, Feb. 19, 1923, all overruled, and the report of the auditor is confirmed.

From King Alexander, Chambersburg, Pa.