## Rothschild v. Trexler Company et al., Appellant.

*Foreign attachment—Contract of sale—Accord and satisfaction —Evidence—Sufficiency.*

Where a debtor transmits to his creditor a statement of account claiming credits not agreed to by the latter, but showing a balance due the creditor, together with a check for such balance, and the creditor accepts such check, such transaction does not in itself constitute an accord and satisfaction, where neither on the check, nor in the account, nor in the letter sent therewith, is there any statement that the check must be accepted in settlement or satisfaction of the creditor's full claim.

The mere fact that a creditor receives less than the amount claimed with knowledge that the debtor denies indebtedness beyond that amount, does not in itself constitute an accord and satisfaction. To establish accord and satisfaction, payment should be offered in full satisfaction of the demand, and be accompanied by acts and declarations amounting to express notice that the payment is conditional, and if accepted must be received in satisfaction of the claim.

Where a defendant wrote to the plaintiff enclosing a check for the balance which it alleged to be due, but claiming certain credits, and specifically stating that certain other claims remained to be settled, the acceptance of such check by the plaintiff cannot be construed as an accord and satisfaction.

Argued October 12, 1923. Appeal, No. 213, Oct. T., 1923, by defendants, from judgment of C. P. No. 1, Phila. Co., Dec. T., 1921, No. 70, on verdict for plaintiff in the case of Louis Rothschild, trading as Twinlock Company v. The Trexler Company, and Gaul Derr and Shearer Company, Union National Bank, Guarantee Trust and Safe Deposit Company and Franklin National Bank, Garnishees. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Foreign attachment in assumpsit. Before McDEVITT, J.

The facts are stated in the opinion of the Superior Court.

116, (1923).]    Verdict—Opinion of the Court.

Verdict for plaintiff in the sum of $1,103.50 and judgment thereon. Defendant appealed.

*Error assigned,* among others, was refusal of defendants motion for judgment non obstante veredicto.

*P. F. Rothermel, 3d,* for appellant.—The payment by the defendant constituted an accord and satisfaction: Chicago, etc. R. Co. v. Clark, 178 U. S. 353; Corpus Juris, Vol. 1, page 557, Sec. 80 (2); Bahrenberg v. Trust Co., 128 Mo. App. 526 (190); Dimmick v. Banning, Cooper & Company, 256 Pa. 295 (1917); Polin v. Weisbrot, 52 Superior Ct. 312 (1913); Bernstein v. Hirsch, 33 Superior Ct. 87 (1907).

*Charles J. Weiss,* and with him *Henry Wessel, Jr.,* and *Jerome Bennett,* for appellee.—There was no statement on behalf of the defendant that could be construed as a declaration that the check was offered in full satisfaction of plaintiff's demand: Foye v. Lilley Coal & Coke Co., 251 Pa. Page 411; Cotton Mills v. Blythe, 29 Pa. Superior Ct. Page 642; Bernstein v. Hirsch, 33 Pa. Page 87; Phila. Baltimore & Washington Railroad v. Walker, 45 Pa. Superior Ct. Page 524; Zeigler v. McFarland, et al. 147 Pa. Page 607; Amsler v. McClure, 238 Penna. 409.

OPINION BY KELLER, J., November 19, 1923:

The action was foreign attachment in assumpsit. The defense, an accord and satisfaction.

Plaintiff manufactured automobile tire carriers and accessories; defendant was his distributing agent. Under the agreement between them the plaintiff sold tire carriers to the defendant at $7.20 each, their cost of manufacture being $6.47. The agreement provided that, if there was a reduction in the cost of manufacture below $6.47, the saving in cost should be equally divided between the parties. The price was subsequently re-

118    ROTHSCHILD *v.* TREXLER CO., Appellant.

duced to $7.00 each. The defendant claimed a further reduction to $6.80, which plaintiff refused to allow, and subsequently terminated the contract for defendant's failure to make payments as provided by the contract. The defendant, though disputing the validity of the grounds alleged for voiding the agreement, acquiesced in its cancellation.

The plaintiff thereupon demanded payment of the balance claimed by him to be due, $1,483.09. The defendant disputed the amount and offered a less sum in settlement which the plaintiff refused to accept. On October 14, 1921, plaintiff wrote to defendant's presi-dent stating that the defendant refused to make settle-ment of its account and notifying him that unless settlement was made by October 19th, legal action would be started against him personally, in accordance with his guaranty, "all costs to be paid by you." On October 17th defendant's president replied that his guaranty covered any legitimate bill incurred by defendant and that he had asked the treasurer "to balance out your account to-day and send you check covering whatever balance is due you." The same day defendant's treasurer wrote plaintiff a long letter giving a statement of account, charging plaintiff with samples, etc., amounting to $97.05, and continuing: "We beg to call to your atten-tion the three miniature Twinlocks which you furnished to salesmen and which you billed to us February 14, 1921, at $42.75 each or a total of $128.25. Mr. Phillips said he would take up and verify with Mr. Rothschild the agreement that we were to be credited with these samples when they were returned. We will, therefore, leave that matter open."

He then proceeded to an enumeration of the carriers sold, claiming a credit of 40 cents per carrier on 2,222 and of 20 cents per carrier on 129, making a total credit further claimed of $914.60. He closed the letter as fol-lows:

"From the balance brought forward of ....$1,386.84
above if you will subtract ............... 914.60

leaves a balance due you of ............. $472.24

"We are, therefore, enclosing our check in payment thereof." Plaintiff accepted the check and at once instituted this action for the unpaid balance of his account. The remaining correspondence sheds no light on the matter.

We are all of opinion that from the facts thus in evidence the trial court would not have been justified in holding, as matter of law, that the transaction thus detailed constituted an accord and satisfaction. The case is governed by the principles enunciated in Dimmick v. Banning, Cooper & Co., 256 Pa. 295, 302; Amsler v. McClure, 238 Pa. 409, 413, 414; Societe Anonyme, etc., v. Loeb, Lipper & Co., 239 Pa. 264, 268; Snowiss v. Loeb, 81 Pa. Superior Ct. 124, 127; American Warming & Ventilating Co. v. Fayette Lumber Co., 54 Pa. Superior Ct. 211; P. B. & W. R. R. Co. v. Walker, 45 Pa. Superior Ct. 524, and kindred cases.

In those cases it was held that the fact that a debtor transmits to his creditor a statement of account claiming credits not agreed to by the latter but showing a balance due the creditor, together with a check for such balance, and that the creditor accepts such check, does not of itself constitute an accord and satisfaction, where neither on the check, nor in the account, nor in the letter sent therewith, is there any statement that the check must be accepted in settlement or satisfaction of the creditor's full claim.

"The mere fact that a creditor receives less than the amount claimed with knowledge that the debtor denies indebtedness beyond that amount, does not in itself constitute an accord and satisfaction......To establish accord and satisfaction, payment should be offered in full satisfaction of the demand and be accompanied by acts and declarations amounting to express notice that the

payment is conditional and if accepted must be received in satisfaction of the claim": Dimmick v. Banning, Cooper & Co., supra, p. 302.

The loose expression in defendant's letter that it was enclosing a check in payment of the balance shown to be due plaintiff according to its statement of the account between them, cannot, without more, be construed as the equivalent of an offer of the check in full satisfaction of plaintiff's claim, or notice that the payment, if accepted, must be received in satisfaction of such claim. It amounted to nothing more than a declaration of the defendant's interpretation of the contract and understanding that this was the balance due thereunder; a statement of the account from its point of view and payment of the balance which it thus admitted to be due: Dimmick v. Banning, Cooper & Co., supra; Societe Anonyme, etc., v. Loeb, Lipper & Co., supra; P. B. & W. R. R. Co. v. Walker, supra; Snowiss v. Loeb, supra; West Point Cotton Mills v. Blythe, 29 Pa. Superior Ct. 642, 647. In view of plaintiff's letter of October 14th threatening suit if the account was not paid by October 19th and the reference to the costs which would be payable by defendant in that event, it might naturally be construed as a statement of its defenses or counterclaims and a payment of the balance admitted by it to be due, so as to relieve itself of the payment of costs if on a trial of the issue a jury should sustain its contentions.

Furthermore, just as in Slocum v. St. Clair, 52 Pa. Superior Ct. 98, defendant's letter enclosing the check contained in itself evidence that it did not regard the payment and acceptance of the check as a complete accord and satisfaction between the parties; for, in that portion relating to certain sample "miniature Twinlocks," which had been included in and formed part of plaintiff's account, it said: "We will, therefore, leave that matter open," asserting thereby its right to press that item against plaintiff if credit should have been given for these samples.

Upon review of all the evidence we are of opinion that it wholly lacks expression of any statement on behalf of the defendant that could fairly be construed as a declaration that the check enclosed was offered in full satisfaction of plaintiff's demand or upon condition that if accepted it was accepted in full satisfaction. There was nothing upon the check or in the letter enclosing it to put the plaintiff upon notice at the time of his acceptance of the check that the money was paid in full discharge of his cause of action: Foye v. Lilley Coal & Coke Co., 251 Pa. 409, 417.

The assignments of error are overruled and the judgment is affirmed.