## J. W. Christman *v.* Milton D. Martin, trading and doing business as the York Spring Wagon Works, Appellant.

*Accord and satisfaction—Payment—Direction or appropriation—Effect of acceptance.*

A party paying money has a right to direct its application, and the refusal to return drafts, after explicit direction as to their application, ought to be regarded as an election to accept them for the purpose for which they are offered.

*Evidence—Payments purporting to be in full—Question for jury.*

A dispute arising as to the value of a carload of lumber incident to al-

leged defects, in an action to recover the price it was error to reject an offer on the part of defendant to prove that after inspection of the lumber by plaintiff's representative an agreement was made by which plaintiff was to accept in full settlement the amount represented by certain drafts as in full settlement; that these drafts were remitted as payment in full received by plaintiff, who refused to return the same or credit defendant in full. Such offer tended to support the plaintiff's case, and was proper for the consideration of the jury. The defendant's case was not to be prejudiced by unauthorized application of the money, or by the fact that he used the lumber under the circumstances.

Argued March 9, 1898. Appeal, No. 10, March T., 1898, by defendant, from judgment of C. P. York Co., on verdict for plaintiff. Before RICE, P. J., WICKHAM, BEAVER, REEDER, ORLADY, SMITH and PORTER, JJ. Reversed.

It appears from the evidence that this was an action of assumpsit, brought to recover balance due plaintiff on a carload of lumber, the original cost of which was $603.69, on which a payment of $487.72 had been made, leaving an alleged balance on the original purchase of $115.97.

The court charged the jury as follows:

The defense offered in this case, in the opinion of the court, is not a valid one, and there is no evidence before you on the part of the defendant. The plaintiff has proven his book account for the lumber described, and credit is given for the amount stated. The jury will therefore return a verdict in favor of the plaintiff for $121.88, and costs of suit. The defense in this case is entirely a matter of law, which will be reviewed hereafter when the matter comes before the court.

Verdict and judgment for plaintiff for $121.88. Defendant appealed.

*Errors assigned* were (1) to portions of the judge's charge, reciting same. (2) In rejecting defendant's offer as follows: "Defendant proposed to prove by witness that the lumber shipped by plaintiff, for which payment of a balance is claimed in this case, was received, but was not of the kind or condition as to dryness, which it should have been according to the order given to Christman; and to prove further that plaintiff's agent was also present and saw the lumber, and admitted its inferior quality; that defendant objected to it. To be followed by cor-

respondence between the parties showing a long dispute, and that defendant upon request made a reasonable offer for the lumber in settlement, to wit: $400, and sent acceptances for that amount in full settlement of his claim, which were accepted by plaintiff."

*Nevin M. Wanner,* with him *Jos. R. Strawbridge,* for appellant.—The question whether or not the defense offered in the court below was a valid one, that is, whether or not an accord and satisfaction had taken place between the parties to this suit, as alleged by the defendant, was a question of fact to be determined by the jury upon all the evidence. If, therefore, any evidence tending to show such a state of facts was offered, it was the duty of the court to submit it to the jury to determine its weight and sufficiency: Pratt v. Jewelry Co., 69 Pa. 53.

These facts, if proven, we contend would have fully established the defendant's case. "When an offer is made upon a condition that it is to be taken in full of all demands, the party to whom it is made has no alternative but to refuse, or accept it upon such condition, and if he takes it no protest or declaration made by him at the time can affect the case:" Fuller v. Kemp, 138 N. Y. 231; 1 Am. & Eng. Ency. of Law, 422; Baird v. U. S., 96 U. S. 430; McKeen v. Morse, 1 U. S. App. 7.

If, pending the adjustment of a disputed account, the debtor send money to his creditor in full payment of the demand, the latter cannot receive and retain it as a credit upon a larger sum claimed by him, without discharging the debtor as to the whole: Washington Gas Co. v. Johnson, 123 Pa. 576, 593; Hearn v. Keihl, 38 Pa. 147; Ziegler v. McFarland, 147 Pa. 607; Savage v. Everman, 70 Pa. 315.

If it is of any benefit at all to the one party or injury to the other, though of the slightest kind, it is sufficient to go to the jury in support of the defendant's contention that there was an accord and satisfaction: Savage v. Everman, 70 Pa. 315; Hendrick v. Thomas, 106 Pa. 327; Grayson's Appeal, 108 Pa. 581; Fowler v. Smith, 153 Pa. 639.

*W. C. Gillmore,* with him *Niles & Neff,* for appellee.—This case largely hinges upon the acceptance by defendant of the lumber sold him by Christman.

The court below pertinently says : " The offer does not contain an offer to show that the lumber was returned and not used by defendant, or rejected by him." This principle is ruled by McKay & Co. v. McKenna, 173 Pa. 581 ; Brockley v. Brockley, 122 Pa. 1 ; Laird v. Campbell, 92 Pa. 470 ; Pierson v. McCahill, 21 Cal. 123 ; Deland v. Hiett, 27 Cal. 611 ; Bank v. Huston, 11 W. N. C. 389 ; Martin v. Frantz, 127 Pa. 389.

Plaintiff's position in this case, briefly, is as follows : Defendant accepted and used the lumber sold him by Christman. Having accepted and used the lumber, he became at once indebted to Christman for its price, and the claim was eo instante liquidated. Being a liquidated claim, the taking of acceptances marked " settlement in full to date " do not prevent an action for the balance. The lumber being accepted and used, evidence of poor quality and bad condition is incompetent. The lumber being accepted and used, the offer of the acceptances and letters is incompetent. Under all the facts in the case, the matters in controversy are matters of law, and not for the jury. Under the facts in the case, the court did not err in directing a verdict for the plaintiff for the sum named.

OPINION BY ORLADY, J., July 29, 1898 :

Pending a dispute as to the defendant's liability to pay for a carload of lumber, after objection had been made that the lumber " is unfit for use, is soaking wet and of inferior quality, is not what we ordered from you," the plaintiff replied : " If it is not up to the grade the shipper must make matters right, these things are very perplexing. If you have not unloaded car, please do so, so as to save damage, make a tally of the load, as per your letter and Mr. R. will call to see the lumber soon ; " and by another letter : " The situation is a regular poser. I want to do what is right in the matter, but must as far as possible protect my shipper. To be honest, I do not think that we can arrive at any compromise that will let either you or us, or our shipper out whole, in other words — all three parties in this matter are bound to lose. Now I suggest that you in order to get this thing started, make us a proposition that is within the bounds of reason." The defendant sent two acceptances of $200 each at sixty and ninety days, and wrote in a distinct form across the obligations : " Settlement in full to date," and

by the letter inclosing them he stated: "If satisfactory, well and good; and if not, we will await further developments." The plaintiff acknowledged receipt of the drafts and notified the defendant, "I wish it distinctly understood that I accept them only for the face of them, viz, $400, which leaves the balance as above $115.97 still due for which I shall expect your remittance by return mail." The following day the defendant requested the return of the acceptances by saying: "If you refuse to accept same for full settlement to date as stated, you will return the notes or acceptances at once, as it was so understood, and your representative when here was so instructed." The defendant retained the acceptances and applied the proceeds as a credit on the account.

The transaction was the only one between the parties, and this suit was brought to recover the balance as claimed which resulted in a verdict for the plaintiff under the direction of the court. On the trial the defendant offered to prove that the lumber shipped by the plaintiff was not as to dryness of the kind or condition, as ordered; that the plaintiff's representative admitted its inferior quality after an examination of it, and that the offer to pay the $400 in full settlement was accepted by the plaintiff before the drafts were sent; which offer was excluded under an objection, for the reason that the lumber had been used by the defendant and had not been returned.

It is true that the defendant received and used the lumber, but he was not under obligation to accept any quality of lumber except that for which he had contracted, and had a right to decline to pay for lower grades: Holt v. Pie, 120 Pa. 425. He was not estopped by an acceptance of the lumber under the circumstances. If the contract was substantially performed so that the proportionate extent of failure was comparatively small, the defendant was justified in accepting the carload of lumber and was entitled to have credit for the part that was deficient. Only by opening up the carload could the defects be discovered unless the defense would be to the whole load, and in this case it was not so claimed. The controversy was as to the defective lumber, and this dispute was based upon facts which were admitted. The plaintiff invited a proposition within the bounds of reason to adjust a difference in which he felt that each party concerned was bound to lose, and it was proper to show that

after inspection of the lumber by his representative, an agree·
ment was made by which the plaintiff was to accept in full set-
tlement the amount represented by the drafts, and that it was
paid under the circumstances stated in the offer.   The offer
tended to support the defense, and was proper for the consider-
ation of the jury: Pratt v. Jewelry Co., 69 Pa. 53.   The whole
case was not contained in the offer but an important part of it
was so stated.   The correspondence plainly indicated the intent
of the defendant, and if the drafts were used in a different way
or for a different purpose than the one for which they were
sent, it was proper to prove the real facts.   The party paying
money has the right to direct its appropriation.   The refusal
to return the drafts after the explicit direction as to their
application ought to be regarded as an election to accept them
for the purpose for which they were offered: Gas Co. v. John-
son, 123 Pa. 576.

This is not a case of an agreement to accept a smaller sum in
satisfaction of a larger one presently due (Brockley v. Brock-
ley, 122 Pa. 1), or in which the actual acceptance of such
smaller sum is not a good discharge of the debt even as accord
and satisfaction: Bank v. Huston, 11 W. N. C. 389; Martin v.
Franz, 127 Pa. 389.

The dispute was as to the value of the carload of lumber.
The price at which it was invoiced, $603.69, could not be said
to be the presently due value as claimed by the plaintiff in
view of his letter of March 12, 1896, in which he says: " The
situation is a regular poser.   To be honest, I do not think that
we can arrive at any compromise that will let either you, or us,
or our shipper out whole."

The defendant alleged it to be of much less value.   The
offers were to show that this controversy as to the value was
settled and adjusted in fixing the amount of $400 as the full
value of the carload of lumber.   If this was done, the payment
of that sum was the payment of the then value of the prop-
erty, and the defendant is not to be prejudiced by the plain-
tiff's unauthorized use of the money so paid, in crediting it to
the account instead of discharging it.

The assignments of error are sustained, the judgment is re-
versed, and a venire facias de novo is awarded.