## Bernstein v. Hirsch, Appellant.

*Accord and satisfaction—Payment—Tender—Condition.*

Where in case of dispute a payment is offered as payment in full, the party to whom it is made must refuse or accept it on the condition involved in the tender. If he accepts the payment the condition upon which it was made goes with it. It is necessary that the money be offered in satisfaction of the account, and that the offer be accompanied with such a declaration as is equivalent to a condition that if the payment is accepted it shall be a satisfaction. The party to whom the offer is made must be informed at the same time it is to be a full settlement of the account.

Where money is sent by a debtor to a creditor to apply on a disputed claim, with notice that it is to be in full settlement of a larger demand, the debtor will be discharged if the creditor receive the money.

Argued Dec. 13, 1906. Appeal, No. 216, Oct. T., 1906, by defendant, from order of C. P. No. 1, Phila. Co., June T., 1906, No. 196, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Henry Bernstein and William Kaufman, Copartners, trading as Bernstein, Kaufman & Company, v. Angelo Hirsch, Herman Hirsch and Felix Hirsch, Copartners, trading as G. Hirsch's Sons. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Reversed.

Assumpsit for balance of account.

The opinion of the Superior Court states the case.

*Error assigned* was order making absolute rule for judgment for want of a sufficient affidavit of defense.

*C. E. Blackburne*, with him *Bamberger, Levi & Mandel*, for appellant.—If, pending the adjustment of a disputed liability, the debtor transmit money to his creditor as a payment in full of the demand, the creditor may not recover and retain the money as a credit upon a larger sum claimed by him, without discharging the debtor as to the whole: Washington Nat. Gas Co. v. Johnson, 123 Pa. 576; Holt v. Pie, 120 Pa. 425; Mechanics' Bank v. Huston, 11 W. N. C. 389; Martin v. Frantz, 127 Pa. 389.

*Benjamin Alexander*, for appellees.—The case at bar is ruled by the recent case of West Point Cotton Mills v. Blythe, 29 Pa. Superior Ct. 642.

OPINION BY HENDERSON, J., February 25, 1907:

The plaintiffs' action was for goods sold consisting of lace belting. The affidavit of defense alleges that the goods delivered from time to time were not satisfactory; that repeated complaints were made because of the inferior quality of the merchandise, and that on March 26, 1906, the plaintiffs having rendered a bill to the defendants amounting to $436.50 for several consignments of goods, the defendants sent to the plaintiffs their check for $294.44, and at the same time returned to the plaintiffs 1420⅗ yards of the lace at ten cents a yard, amounting in value to $142.06, which amounts covered the whole of the plaintiffs' bill. With the check the defendants sent a letter to the plaintiffs informing the latter that they inclosed the check and returned the goods in settlement of the account. The letter called the attention of the plaintiffs to the fact that the defendants had frequently complained of the quality of the goods, and restated the grounds of their complaint and their reason for returning the goods and sending the check in settlement of the claim. The check and merchandise were retained by the plaintiffs, by reason of which the defendants allege an accord and satisfaction. If the transaction occurred as stated by the defendants it is evidence of an accord tendered on a disputed claim and an ac-

ceptance by the plaintiffs from which an accord and satisfaction might be found. Where, in case of dispute, a payment is offered as payment in full, the party to whom it is made must refuse it or accept on the condition involved in the tender. If he accept the payment the condition upon which it was made goes with it. It is necessary that the money be offered in satisfaction of the account, and that the offer be accompanied with such a declaration as is equivalent to a condition that if the payment is accepted it shall be in satisfaction. The party to whom the offer is made must be informed at the same time it is to be in full settlement of the account. Where money is sent by a debtor to a creditor to apply on a disputed claim, with notice that it is to be in full settlement of a larger demand, the debtor will be discharged if the creditor receive the money: Gas Co. v. Johnson, 123 Pa. 576; Ziegler v. McFarland, 147 Pa. 607; Christman v. Martin, 7 Pa. Superior Ct. 568. When the defendants sent their check to the plaintiffs they had a right to prescribe the condition on which it was to be received. It is the right of one paying money to direct its appropriation and to make a payment conditional on the recognition of a claim for set-off. This is what the defendants allege they did. The averment is positive that the check was tendered in settlement of the whole account at the time the defective goods were returned. This raises a question of fact for the consideration of a jury. The appellees rely on West Point Cotton Mills v. Blythe, 29 Pa. Superior Ct. 642, as an authority in support of their contention. That case turned, however, on the fact that neither the check nor the letter accompanying it contained any notice, indorsement or memorandum that the check was sent in full of all claims, or in full settlement of the account, or that it was to be accepted in connection with the statement of account accompanying it. The facts of that case lacked the essential element of notice by the payer to the payee that the check was tendered in full settlement of the claim. Here, however, as is alleged and proposed to be proved, the plaintiffs had notice that this tender was made in settlement of the account. And if so made, and the plaintiffs knew it was so made and retained the check, the defendants have a right to a trial by jury.

The defendants contend further that the transactions between

the plaintiffs and defendants constituted a bailment; that the defendants furnished materials manufactured by the plaintiffs, and that they were not entitled to recover as for goods sold. It does not appear from the affidavit whether the defendants furnished all the material used in the manufacture of the lace, nor is the contract between the plaintiffs and defendants set forth. The subject is not presented in a form which permits us to determine that question here. On the question of accord and satisfaction, the affidavit presents an issue which should carry the case to a jury.

The judgment is therefore reversed and a procedendo awarded.