# Societe Anonyme Pour La Fabrication De La Soie De Chardonnet *v.* Loeb, Lipper & Company, Appellant.

*Contracts—Written contract—Construction—Compromise.*

1. In an action to recover a balance due for merchandise sold and delivered, it appeared that defendants had objected to the quality of certain of the goods already in their possession, and had declined to receive certain other goods at the custom house, and that the defendants had then written to plaintiff offering to take such of the goods at the custom house as they might determine, at a specified reduction, to which plaintiff had replied that it would accept this proposal, but that defendants must keep the whole of that which they had received, which offer of the plaintiff was accepted and acted upon. *Held,* the reduction specified applied only to the goods in the custom house, and not to the goods which the defendants had already received into their possession.

2. Where negotiations between the parties to a contract are in writing, the interpretation of the agreement is exclusively for the court.

3. Where, in such a case, defendants had written to plaintiff, stating "We enclose herewith a check on Paris for Fr. 25.08 in settlement of the amount still due to you according to the statement of account enclosed, which you will kindly carry to the credit of our account," and plaintiff had replied immediately, stating that it had placed the amount received to the credit of defendants' account, but that the same was not accepted in settlement, it was held that the transaction did not constitute an accord and satisfaction, and that plaintiff was not precluded from suing to recover the balance due from the defendants.

Argued January 7, 1913.  Appeal, No. 210, Jan. T., 1912, by defendants, from order of C. P. No. 5, Philadelphia Co., March T., 1908, No. 5282, entering judgment for plaintiff n. o. v. in case of Societe Anonyme Pour La Fabrication de la Soie De Chardonnet v. Joseph Loeb and Henry M. Lipper, trading as Loeb, Lipper & Company.    Before FELL, C. J., BROWN, MESTREZAT, POTTER, STEWART and MOSCHZISKER, JJ.    Affirmed.

Assumpsit for goods sold and delivered. Before STAAKE, J.

At the trial the court gave binding instructions for defendants. Plaintiff subsequently made a motion for judgment n. o. v. RALSTON, J., filed the following opinion:

This was an action on a book account. The plaintiff, having proved the account, which showed a balance due of $1,989.98, rested. The defense was that the parties had compromised the claim, and that the defendants should have been entitled, under the agreement of compromise, to a credit of Fr. 21,087.82, whereas they had only been allowed credit for Fr. 11,137.90; and, secondly, that the defendants had sent their check for Fr. 25.08 in settlement of the account, which had been accepted by the plaintiff. The only testimony offered by the plaintiff was the book account, which was in the French language, the oral testimony being a translation into English and an explanation of the trade terms and the value of the franc. The defendants' testimony consisted entirely of letters.

At the conclusion of the testimony, the learned trial judge directed a verdict for the defendants.

The question whether or not the plaintiff is entitled to recover depends, in the first place, upon the construction of the agreement of compromise. The plaintiff had shipped to the defendants a quantity of horse hair, known in the trade as "utinam." Part of this shipment had been received by the defendants and part of it still remained in the custom house. The defendants were not satisfied with the quality of the goods nor with their color. They complained to the plaintiff, with the result that on December 19, 1905, the plaintiff wrote to the defendants and offered a reduction of five per cent. on the sum which they owed up to that date, on condition that the balance of the account be sent them by January 15 following.

On February 20, 1906, the defendants wrote to the

plaintiff's agent in New York, asking him to transmit to his principal the following proposition: "If they allow us to take whatever we can use of the goods at the, custom house, and in such quantities and at such times as we find it convenient to use, at a reduction of Fr. 10 per kilo; but we do not see what we can do with the brown and blue at the present time."

To this offer the plaintiff's agent replied, on March 24, 1906, that he had received word from his principal "that they will accept your proposal of a reduction of Fr. 10 per kilo, but that you must keep the whole of what you have received, including the blue and brown."

This offer was not formally accepted by the defendants, but it was actually accepted and acted upon, as appears in their letter to the plaintiff of May 14, 1906, in which they enclosed a check and stated, "We shall deduct from the last payment the deduction which you have granted us."

The difference in the amount of the credit claimed by the defendants and that allowed by the plaintiff arises from their different interpretations of these letters. The plaintiff claims that the deduction of Fr. 10 per kilo, or thirty-three and one-third per cent. of the price, should be confined to the goods which were at the time in the custom house. The defendants claim that this deduction was to be allowed on all the goods which they had received.

The defendants' letter of February 20, 1906, was an offer to take the goods that were in the custom house at a reduction of Fr. 10 per kilo, leaving open the question of what was to be done with the goods already in their possession, as to which they expressed great dissatisfaction. The plaintiff did not accept this offer, but made a counter offer, that is, that they would accept the defendants' proposal of a reduction of Fr. 10 per kilo, but provided the defendants would accept all the goods in their possession. Referring again to the defendants' proposal of a reduction of Fr. 10 per kilo, it

is seen that it related only to the goods in the custom house. Therefore, when the plaintiff accepted their proposal of a reduction, and their counter offer was accepted by the defendants, it resulted in an agreement that if the defendants would keep the goods already in their possession and would accept the goods then in the custom house, the plaintiff would make a reduction of Fr. 10 per kilo upon the price of the goods in the custom house.

As the correspondence between the parties was in writing, the interpretation of their agreement is for the court, and the court being of opinion that the proper interpretation of the letters is as above stated, it follows that the plaintiff's contention is correct and that the credit allowed the defendants by it was proper.

The defendants further contend that no matter what the proper construction of the agreement of compromise may be, their account was settled with the plaintiff because they wrote, on August 10, 1906, as follows: "We enclose herewith a check on Paris for Fr. 25.08 in settlement of the amount still due to you according to the statement of account enclosed, which you will kindly carry to the credit of our account." An account, on which the defendants had made a deduction of Fr. 21,-087.82, leaving a balance due of Fr. 25.08, was enclosed. This letter was mailed to Besancon, France. The plaintiff replied on August 22, 1906, which must have been practically immediately upon receipt of the letter, that they had placed the Fr. 25.08 to the credit of the defendants' account, but that the same was not in settlement; that the account enclosed by the defendants was erroneous in that it claimed a greater credit than the defendants were entitled to.

The defendants' counsel contends that by accepting the defendants' check, the plaintiff has estopped itself from claiming that the account was not settled in full.

Where a payment is offered as payment in full, it must be refused or accepted on the condition on which it is

made, but, "it is necessary that the money be offered in satisfaction of the account, and that the offer be accompanied with such a declaration as is equivalent to a condition that if the payment is accepted it shall be in satisfaction": Bernstein v. Hirsch, 33 Pa. Superior Ct. 87, 98.

In the present case, the defendants did not send a check with notice to the plaintiff that if accepted it must be regarded as a full settlement of the account, but, on the contrary, they enclosed a check for the balance which, according to their interpretation of the account, was in full, and requested the plaintiff to apply it to the credit of their account. This was done, and the plaintiff immediately notified the defendants that it had placed the amount to their credit, but that it was not in full settlement of the account, but, on the contrary, there was still a balance due.

The court is of opinion that this correspondence and the action of the plaintiff in retaining the check does not preclude it from claiming the balance due by the defendants. There being no disputed facts in the case, and the testimony being a matter for the interpretation of the court, for the reasons above stated, judgment is entered for the plaintiff notwithstanding the verdict for the amount of its claim, namely, $1,989.98. If interest is to be added to this sum or the court is in error as to the exact amount for which the verdict should be entered, the judgment will be corrected upon the application of counsel.

Rule for new trial discharged.

Plaintiff's motion for judgment non obstante veredicto granted.

Judgment was subsequently entered for plaintiff n. o. v. Defendants appealed.

*Error assigned* was, inter alia, the entry of judgment for plaintiff n. o. v.

*Henry N. Wessel,* with him *Alfred Aarons* and *Clinton O. Mayer,* for appellants.—The question as to the true meaning of the contract should have been submitted to the jury: McCullough v. Wainwright, 14 Pa. 171; Edwards v. Goldsmith, 16 Pa. 43; Warnick v. Grosholz, 3 Grant (Pa.) 234; McNish v. Reynolds, 95 Pa. 483; Muckle v. Moore, 134 Pa. 608; Martinsburg Bank v. Central Pa. Telephone & Supply Co., 150 Pa. 36; National Dredging Company v. Mundy, 155 Pa. 233; Philadelphia v. Stewart, 201 Pa. 526; McFarland v. Newman, 9 Watts 55; Harper v. Kean, 11 S. & R. 280; Brubaker v. Okeson, 36 Pa. 519; Maynes v. Atwater, 88 Pa. 496; Holmes v. Oil Co., 138 Pa. 546; Mahaffey v. Ferguson, 156 Pa. 156; Fulton v. Lancaster County, 162 Pa. 294; Wood Turning Co. v. Malcolm, 190 Pa. 62; Scottish Rite, Knights Templar and Master Mason's Aid Assn. v. Union, 195 Pa. 45; Hawn v. Stoler, 22 Pa. Superior Ct. 307; Kelton v. Fifer, 26 Pa. Superior Ct. 603; Lavelle v. Melley, 27 Pa. Superior Ct. 69; Morgan v. Williams, 39 Pa. Superior Ct. 580.

There was an accord and satisfaction: Washington Nat. Gas Company v. Johnson, 123 Pa. 576; Ziegler v. McFarland, 147 Pa. 607; Christman v. Martin, 7 Pa. Superior Ct. 568; Bernstein v. Hirsch, 33 Pa. Superior Ct. 87; West Point Cotton Mills v. Blythe, 29 Pa. Superior Ct. 642; Goddard v. O'Brien, L. R. 9 Q. B. Div. 37; Fuller v. Kemp, 20 L. R. A. 785; Keck v. Insurance Company, 89 Iowa 200 (56 N. W. Repr. 438); Golden v. Bartlett Ill. Co., 114 Mich. 625 (72 N. W. Repr. 622); Rumsey v. Barber, 78 Ill. App. 88; Girard Fire & Marine Insurance Co. v. Canan, 195 Pa. 589.

*Henry J. Scott,* for appellee.—The construction of the contract was for the court alone: Standiford v. Kloman, 234 Pa. 443; Forrest v. Nelson, 108 Pa. 481; Shafer v. Senseman, 125 Pa. 310; P., B. & W. R. R. Co. v. Walker, 45 Pa. Superior Ct. 524; Washington Nat. Gas. Co. v. Johnson, 123 Pa. 576; Ziegler v. McFarland, 147 Pa.

607; Christman v. Martin, 7 Pa. Superior Ct. 568; West Point Cotton Mills v. Blythe, 29 Pa. Superior Ct. 642; Edwards v. Meyers, 227 Pa. 584; King v. Russell, 149 Pa. 361; McCarthy v. Scanlon, 176 Pa. 262; Rotsell v. Warren, 10 Pa. Superior Ct. 283; Clymer-Jones Lithograph Co. v. U. S. Fashion & Sample Book Co., 48 Pa. Superior Ct. 636; Vallee Bros. Elec. Co. v. Iron Co., 32 Pa. Superior Ct. 111.

PER CURIAM, February 3, 1913:

The agreement between the parties in relation to the allowance of credits was in writing and its construction was for the court.

The judgment is affirmed on the opinion of Judge RALSTON entering judgment for the plaintiff non obstante veredicto.