## Polin, Appellant, *v.* Weisbrot.

*Accord and satisfaction—Payment—Tender—Condition.*

1. Where in case of dispute a payment is offered as payment in full, the party to whom it is made must refuse to accept it on the condition involved in the tender. If he accepts, the condition upon which it was made goes with it. It is necessary that the money be offered in satisfaction of the account, and that the offer be accompanied with such declaration as is equivalent to a condition that if the payment is accepted it shall be a satisfaction. The party to whom the offer is made must be informed at the same time it is to be a full settlement of the account.

2. Where a check is sent by a debtor to a creditor between whom there has been a dispute as to the amount due, and the check is accompanied by a statement with a request to "please receipt and return," and the plaintiff accepts the check although it is less than the amount which he claims, the acceptance will be a satisfaction of the claim.

Argued Oct. 18, 1912. Appeal, No. 130, Oct. T., 1912, by plaintiff, from judgment of C. P. No. 2, Phila. Co., Dec. T., 1910, No. 2,124, on verdict for defendant in case of Morris Polin v. Samuel H. Weisbrot and Louis Mandel, trading as Weisbrot and Mandel. Before RICE, P. J., HENDERSON. MORRISON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Assumpsit for goods sold and delivered. Before SULZBERGER, P. J.

The facts are stated in the opinion of the Superior Court.

At the trial the court gave binding instructions for defendant.

Verdict and judgment for defendant. Plaintiff appealed.

*Error assigned* was in giving binding instructions for defendant.

*William M. Lewis,* with him *Bernard Harris,* for appellant.—There was no accord and satisfaction: Martin v. Frantz, 127 Pa. 389; Washington Nat. Gas Co. v. Johnson, 123 Pa. 576; Ziegler v. McFarland, 147 Pa. 607; Christman v. Martin, 7 Pa. Superior Ct. 568; Philadelphia, Balt. & Wash. R. R. Co. v. Walker, 45 Superior Ct. 524.

*Alfred Aarons,* with him *Henry N. Wessel,* for appellees, cited: Bernstein v. Hirsch, 33 Pa. Superior Ct. 87.

OPINION BY HENDERSON, J., February 27, 1913:

The plaintiff, a dealer in woolen cloths, sold to the defendants eighteen pieces of cloth subject to the inspection and approval of the Schwarzwaelder Company, whose business it was to sponge and inspect cloth for manufacturers and dealers. The cloth was delivered to that company and inspected in accordance with the understanding of the parties. Six of the pieces were passed in the inspection but twelve were rejected as not coming up to the standard of perfection in manufacture. These were reported by the inspector as to be returned to the seller. Thereupon, the plaintiff entered into a negotiation with the defendants by telephone in regard to the rejected pieces in an effort to induce the latter to take them as they were. His proposal was to make an allowance of half a yard per piece on the twelve pieces which the plaintiff says the defendants refused to accept. He then offered to give an allowance of one yard for each piece and mailed a credit bill for that amount. The next day

the defendants called him up and said they were entitled to an allowance on eighteen pieces instead of twelve. This the plaintiff contested. He testified, however, that he finally told them he would give them a corrected bill and allow them for eighteen yards on the eighteen pieces; pursuant to which offer he mailed them a credit bill for one yard on each piece. Nothing further transpired until November 23, when the defendants sent a communication to the plaintiff containing a statement of the account between them, claiming a credit for twelve pieces of cloth returned by the Schwarzwaelder Company at the agreed price, an allowance of six yards on the six pieces accepted by the Schwarzwaelder Company and a discount of seven per cent, leaving a balance of $183.47 due to the plaintiff; and for this balance they inclosed a check in payment of the account as per the statement. At the bottom of the communication were the words "Please receipt and return." The plaintiff accepted the check and applied it on his account against the defendants, and this action was brought to recover the balance. The defendants' contention was that the tender of the check in payment of the account as per the accompanying statement and the acceptance thereof by the plaintiff was an accord and satisfaction and the court so instructed the jury. The principle involved is recognized in numerous cases among which are Washington Nat. Gas Co. v. Johnson, 123 Pa. 576; Ziegler v. McFarland, 147 Pa. 607; Christman v. Martin, 7 Pa. Superior Ct. 568; West Point Cotton Mills v. Blythe, 29 Pa. Superior Ct. 642; Bernstein v. Hirsch, 33 Pa. Superior Ct. 87. These cases hold that where in case of dispute a payment is offered in satisfaction of a demand the party to whom it is made must refuse it or accept it on the condition involved in the tender. If he accept the payment the condition on which it was made goes with it. It is necessary that the offer be accompanied with such a declaration or statement as is equivalent to a condition that if the payment be accepted it shall be in discharge of the claim. The facts involved in this case are so like

those in Bernstein v. Hirsch that no substantial distinction is apparent. The appellant contends that there was no dispute between him and the defendants at the time the check was transmitted, but this is contradicted by the statement of account afterward sent to him by the defendants. From the plaintiff's own evidence it is clear that the umpire agreed on to determine the merchantable character of the cloth rejected the twelve pieces and the defendants were under no obligation to take them. The plaintiff then attempted to sell them on terms different from those proposed in the original agreement. He says that he told the defendants he would allow them for eighteen yards on the eighteen pieces and that he mailed them a credit bill for that amount and that "that settled the whole thing," but that was evidently not the understanding of the defendants. The plaintiff does not say they agreed to take the cloth after he consented to the allowance of eighteen yards for the lot, and their written communication to him on November 23, put him on notice that they had not bought the twelve pieces but had returned them through the Schwarzwaelder Company and that they only proposed to pay for six pieces with the allowance for defects and the discount for cash. He was informed in this communication that the check sent was in settlement of the plaintiff's account in accordance with the statement submitted by them. This was notice to him that they only considered themselves liable for that amount and that they were not bound to take the twelve pieces which the Schwarzwaelder Company had not approved. The notice that the check was in payment of the bill and the request for a receipt and return of the statement leave no doubt of the meaning of the defendants and of their intention to apply the check in satisfaction of the plaintiff's claim. As this notice was in writing it was for the court to declare its legal effect. The case differs from Cotton Mills Co. v. Blythe, in that in that case no notice was given to the plaintiff when the check was sent that its acceptance would be treated as pay-

ment of the debt. There was no memorandum on the check or other notice that if it was accepted it would be in connection with the account inclosed and in satisfaction of the debt. The same distinction exists in the case of Phila., Balt. & Wash. R. R. Co. v. Walker, 45 Pa. Superior Ct. 524. The check in that case contained no memorandum of any kind indicating that it was to be accepted on any particular terms, nor did the letter in which it was inclosed make such specific declaration. There was merely a statement of the cross-demand of the defendants growing out of an entirely different transaction. In Bernstein v. Hirsch, on the other hand, the check was tendered in settlement of the whole account. The plaintiff had notice that the tender was made in settlement of the account and if so made the defense set up was available. We think the undisputed facts in the case sustain the action of the court below in instructing the jury that their verdict should be for the defendants.

Judgment affirmed.