# United States Casualty Co., Appellant, v. Mather.

*Accord and satisfaction—Payment upon condition—Dispute as to amount—Acceptance of payment—Evidence.*

Where, in case of dispute, a payment is offered as payment in full, the party to whom it is made must refuse it or accept on the condition involved in the tender. If he accept the payment the condition upon which it was made goes with it. It is necessary that the money be offered in satisfaction of the account, and that the offer be accompanied with such a declaration as is equivalent to a condition that if the payment is accepted it shall be in satisfaction.

In an action by an insurance company to recover premiums which an agent of the defendants had not accounted for, an accord and satisfaction is established, where it appears (a) that there was a dispute as to the liability of the defendants; (b) that the latter had made a payment accompanied by a letter stating that in making the payment they did it with the understanding that it entirely closed up all the claims of every kind and character that plaintiff had against defendants by reason of the transactions of their agent; and (c) that the payment had been accepted.

Argued Nov. 8, 1916.   Appeal, No. 217, Oct. T., 1916, by plaintiff, from judgment of Municipal Court, Philadelphia Co., Feb. T., 1916, No. 4, for want of a sufficient statement in case of United States Casualty Company v. Charles E. Mather, Victor C. Mather, Gilbert Mather and Joseph O'Brien, trading as Mather & Company. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ.   Affirmed.

Assumpsit to recover premiums.

Rule for judgment for want of a sufficient statement.

From the record it appeared that the defendants' agent in San Francisco, Charles H. Williamson, had collected certain premiums which should have been turned over to the plaintiff, but that he had failed to do so. The correspondence annexed to the statement showed that there had been differences between plaintiff and defendants as to these premiums. On May 10, 1915, plaintiff wrote to defendants that at that time there was due the sum of $223.43 and requested payment. On May 11, 1915, the defendants replied, enclosing check for $223.43. The writer of this reply made in his letter the following statement:

"I am extremely anxious to get rid of this entire situation. I note you confine your claim now to the sum of $223.43. Personally I know nothing of the details of these items and in our correspondence with the George E. Billings Co. they say we do not owe them, but be this as it may, I am willing to pay this sum to wind up the situation.

44    U. S. CASUALTY CO., Appellant, *v.* MATHER.

Statement of Facts—Opinion of the Court. [67 Pa. Superior Ct.

"In paying this amount we do it with the understanding that it entirely closes up all the claims of every kind and character you have against this firm by reason of or growing out of the appointment of Mr. Chas. H. Williamson as your agent in San Francisco."

On May 12, 1915, Plaintiff acknowledged the receipt of the check for $223.43 "in payment of the items listed in the statements which I forwarded you under the date of the 10th instant."

The present suit was brought to recover the sum of $209.28 covering certain other premiums alleged to be due.

The court in an opinion by GILPIN, J., made absolute the defendants rule for judgment.

*Error assigned* was the judgment of the court.

*Maurice W. Sloan,* for appellant.—A mere agreement between a debtor and creditor for the acceptance of part of a debt in satisfaction of a larger one presently due is without consideration, and cannot be enforced, and the actual acceptance of such smaller sum is not a good discharge of the debt, even as accord and satisfaction": Slocum Co. v. St. Clair, 52 Pa. Superior Ct. 98.

*N. W. Harker,* with him *Lewis, Adler & Laws,* for appellee.—The evidence disclosed an accord and satisfaction: Washington N. Gas Co. v. Johnson, 123 Pa. 576; Christman v. Martin, 7 Pa. Superior Ct. 568; Bernstein v. Hirsch, 33 Pa. Superior Ct. 87; Polin v. Weisbrot, 52 Pa. Superior Ct. 312; Luella Coal & Coke Co. v. Gano, 61 Pa. Superior Ct. 37; Ziegler v. McFarland, 147 Pa. 607; Mechanics Bank of Harrisburg v. Huston, 11 W. N. C. 389; Smith v. Cohn, 170 Pa. 132.

OPINION BY HEAD, J., July 13, 1917:

The legal principle commonly referred to by the use of the words "accord and satisfaction" is a simple one. It

rests on a solid foundation, whether viewed from the standpoint of sound reasoning or good morals. Its essential ingredients are thus stated by our Brother HENDERSON in Bernstein v. Hirsch, 33 Pa. Superior Ct. 87, to wit: "Where, in case of dispute, a payment is offered as payment in full, the party to whom it is made must refuse it or accept on the condition involved in the tender. If he accept the payment the condition upon which it was made goes with it. It is necessary that the money be offered in satisfaction of the account, and that the offer be accompanied with such a declaration as is equivalent to a condition that if the payment is accepted it shall be in satisfaction." If then, in any given case, an examination of the facts admitted or proven will disclose the presence of the essentials just stated, it becomes the duty of the court to apply the doctrine and dispose of the case.

The record before us comes on an appeal from an order of the Municipal Court entering a judgment against the plaintiff and in favor of the defendants for want of a sufficient statement of claim. The correctness of this judgment depends on the answer to this question. Did the statement of claim show on its face the plaintiff had accepted in "accord and satisfaction" the check sent by defendants? Let us test the statement in the light of what we have said.

It can hardly be denied the liability of defendants, if any, was other than that of an indemnitor. The amount of it in dollars and cents was neither ascertained nor could it be finally and definitely ascertained. The entire correspondence that appears as part of the statement of claim shows that plaintiff was seeking to collect a certain sum of money it believed the records of the parties in interest showed to be due. This was all it then knew to be due. Its officers believed no more could probably be demanded but were unwilling to generally release or discharge the defendants. The latter, never admitting their liability to pay anything, were offering various

sums to close and end the entire controversy. So much appearing from the plaintiff's statement, it cannot be successfully denied the statement itself proclaimed there was a dispute as to the account.

The correspondence annexed to the statement shows a demand by the plaintiff for a specific sum claimed to be then due. The defendants' attitude throughout the controversy was accentuated and emphasized in their letter of May 11, 1915, enclosing a check for the sum demanded with the following statement of terms or conditions on which it was sent. "I am extremely anxious to get rid of this situation. I know you confine your claim now to the sum of $223.43. Personally I know nothing of the details of these items and in our correspondence with the George A. Billings Co. they say we do not owe them. But be this as it may, I am willing to pay this sum to wind up the situation. In paying this amount, we do it with the understanding that it entirely closes up all the claims of every kind and character you have against this firm by reason of or growing out of the appointment of Mr. Chas. H. Williamson as your agent in San Francisco."

It thus appears (a) there was a dispute as to the extent of the liability of the defendants; (b) that the latter made a payment with "such a declaration as is equivalent to a condition that if the payment is accepted it shall be in satisfaction"; (c) the payment was accepted. We are of opinion the plaintiff has stated itself out of court, and we can find no reversible error in the record presented to us.

Judgment affirmed.