## Carl v. Carl.

*Practice, C. P. — Motion for judgment non obstante veredicto — Binding instructions — Proof — Failure to prove case—Payment—Check as receipt— Accord and satisfaction.*

1. In an action of *assumpsit*, where one executor seeks to recover from another a part of the executor's fee without offering any testimony as to the value of the services performed, or that such services were worth more than the plaintiff had received therefor, the trial judge should give binding instructions for the defendant, because the plaintiff has not made out a case. Having failed to give binding instructions, the court will enter judgment for defendant *non obstante veredicto*.

2. Where a check is so made out that upon its face, and also by endorsement, it constitutes a receipt in full, it is *prima facie* evidence of such payment. It is immaterial that the payee did not know the full amount due, if it appears that she, at any rate, did know the amount of the check was less than the whole amount due her.

3. Where a check embodying a receipt in full is received with a letter explaining the amount of the payment as being payment in full, the condition goes with the payment, and if it is accepted without comment or remonstrance, it amounts to an accord and satisfaction.

Motion for judgment *non obstante veredicto*. C. P. Columbia Co., May T., 1921, No. 176.

*C. E. Kreisher* and *G. W. Moon*, for plaintiff; *E. J. Mullen*, for defendant.

POTTER, P. J., 17th judicial district, specially presiding, July 11, 1923.—On May 15, 1923, this case was duly tried, resulting in a verdict for the plaintiff of $322.86, being the full amount of her claim, with interest. A motion was then made for judgment *non obstante veredicto*, which was duly argued, which we now have before us for disposal.

At the trial of this case it was a grave question in the mind of the court whether or not we would not give binding instructions for the defendant. At the trial we did not have the opportunity nor the time to carefully consider the questions arising incident to the case as we now have on this motion for judgment *n. o. v.* It often happens on the trial questions must be decided instanter, while on the motion now before us we have time to give it careful consideration as well as to consult the law as laid down by the appellate courts.

This is a suit arising out of the division of executor's fees in the settlement of the estate of the father of the two litigants, who are brother and sister,

VOL. 4—20

and who are the executors of their father's estate. The will of the decedent was duly admitted to probate and letters testamentary were in due form of law granted thereon on April 23, 1919. On May 10, 1919, the two executors sold the personal and the real estate under their charge at public sale. On May 23, 1919, the plaintiff removed to the State of Texas, where she has been ever since. A few days before she went away she gave written instructions to the bank in which the funds of the estate were deposited to honor all estate checks signed by the other executor and without her signature. From the time of her departure, on May 23rd, she did nothing in the way of the settlement of the estate, and her brother, the other executor and the defendant in this case, from that time on attended to all matters incident to the estate.

After the affairs of the estate had been closed out, the defendant sent the plaintiff a check for $50 in full payment of her services as executor, so marked both on the face of the check and on the back of it. At the same time he wrote her the following note:

"Bloomsburg, Pa., April 20/20.

"To Marsella Carl:

"My bill as Ex. on your part is two hundred and eighty-four dollars. I am sending you a check for the balance.      JOSEPH B. CARL."

The plaintiff endorsed the check and drew the money on it. The defendant charged $668 as compensation for the executors, the half of which would be $334, of which the plaintiff received $50 and the defendant received his full share of $334 and $284 of the share of the plaintiff.

We feel very free to say that we think this plaintiff entitled to more than the $50 she received. But it is not for us to say how much she should or should not receive. We are here to consider this matter from a legal viewpoint and nothing else.

This suit being tried in the Court of Common Pleas, and rightly so, it becomes subject to all the rules of evidence and to all other legal requisites incident to trials in this court, the most elementary of which is the rule that it falls upon the plaintiff to prove an amount due him before he can recover, or to prove the value of services before an amount can be reached or recovered.

The first reason given as to why this motion should prevail is as follows: "The plaintiff has offered no testimony as to the value of the services performed by her or that the same was reasonably worth more than the $50 paid her, and has, therefore, failed to affirmatively establish her case, and the verdict in her favor is not founded on any evidence."

In examining the testimony of this case, we fail to find any proof tending to show the worth of the services of the plaintiff in the settlement of her father's estate. After the property was sold, she left. She would not be entitled to the half of the total sum of commissions because of the fact that, after she went to Texas, she did nothing more in the settlement of the estate, and from that time on to the final settlement of it, all devolved on the other executor. But she has failed to offer a word of proof as to what her services were worth, as far as she went. The jury dare not guess at the amount due her. They must have some proof on which to base a verdict. She has offered none; then how can a jury bring in a verdict for her? And on this ground we think we should have given binding instructions for the defendant, not because we wanted to, but because the plaintiff has not made out her case.

The second reason is as follows: "The plaintiff has not produced any proof to overcome the *prima facie* evidence of payment in full for the services by the check and receipt in full, dated April 20, 1920, and signed and received by the plaintiff."

4 D. & C.

Carl v. Carl.

We have hereinbefore stated that the defendant sent the plaintiff a check for $50 in payment of her share of commissions as executrix. The following is a copy of the face of the check:

"Bloomsburg, Pa., Apr. 20, 1920—No. ——.
"Bloomsburg National Bank pay to the order of Marsella Carl $50 00/100 dollars in full as executor fee in the estate of Joseph Carl, deceased.

JOSEPH B. CARL, Ex."

Endorsed on the back of this check is the following: "In full as executor fee of Joseph Carl, deceased." Marcella Carl.

When this check was sent her, the other executor sent with it the following note:

"To Marsella Carl:  "Bloomsburg, Pa., April 20/20.
"My bill as Ex. on your part is two hundred and eighty-four dollars. I am sending you the balance.  JOSEPH B. CARL."

There can be no doubt but that a receipt is *prima facie* evidence of payment, and if the proof is entirely or evenly balanced, the receipt will control: Mac-Donald v. Piper, 193 Pa. 312; Rhoads's Estate, 189 Pa. 460; Flaccus v. Wood, 260 Pa. 161.

In the case at bar we have the check returned with the endorsement of the plaintiff on the back of it, whereby she virtually says she accepts the check in full for her share of the commissions. She surely could read the receipt written on both the face of the check and on the back of it. If she did not understand it, she should have asked some one who knew for information. Not having done so, she is bound by it. We have not one word of proof in this case tending to show accident, fraud or mistake in the execution of this receipt, nor do we have one word of proof attempting to explain it in any other light than what it is. This receipt must stand out as *prima facie* evidence of the payment until it is explained away in a legal manner.

It has been represented at argument that the plaintiff did not know the total amount of commissions, and that Joseph Carl should have told her the amount when he sent her the check.

When she left for Texas she knew the personal and the real property had been sold, which amounted to a considerable sum, the commissions on which, at either 3 or 5 per cent., would far overreach the sum of $50 as her half. She also knew that personal property of the value of $2000, at 5 per cent. commission, would yield her $50. She also knew that real estate of the value of $3500, at 3 per cent., would yield to her commissions of $50, and she knew that the value of her father's estate far overreached either of these two sums and even both of them. She knew that the farm was sold for $7800, and that the half of the 3 per cent. commissions on this item alone would be $117 for her share. This is only a simple matter of arithmetic. Then, when she accepted the $50, she knew that sum did not represent even the half of her commission on the real estate, to say nothing about her commission on the personal property. Then, again, her brother told her he was charging her $284 of her commission for doing her work and was sending her $50 as the balance, and she knew that these two sums would amount to $334 as one-half the entire commissions, and still she accepted the $50 as her full share of the commissions and signed a receipt in full for it, with no explanation whatever for so doing.

We think we should have given binding instructions on this reason also.

The third reason is as follows: "That the check and receipt in full, dated April 20, 1920, together with the letter acompanying it, which plaintiff admits

she received with the check and had cashed, taken together, amount to an accord and satisfaction of plaintiff's claim embraced in this suit."

If one accepts money in payment of an account, the condition upon which it was made goes with it. It is necessary that the offer be accompanied with such declaration as is equivalent to a condition that if the payment be accepted, it shall be a satisfaction: Polin v. Weisbrot, 52 Pa. Superior Ct. 312; United States Casualty Co. v. Mather, 67 Pa. Superior Ct. 42; Bernstein v. Hirsch, 33 Pa. Superior Ct. 87.

Where a tenant sends to his landlord a check for less than the stipulated rent, with an entry on its face that it is in payment of rent, less a deduction for a credit claimed, the use of the check constitutes an accord and satisfaction, notwithstanding the landlord, before using the check, endorsed on it that it was accepted on account: Lesley v. Deeter, 1 D. & C. 577.

Where plaintiff sends to defendant a bill for services, the amount of which is undisputed, and the defendant sends his check for a smaller amount, having written on its face "in full payment of all claims to date," accompanied by a statement that he took credit for the difference as commissions for the sale of real estate owed to him by plaintiff, and the plaintiff accepts and uses the check, although denying defendant's claims to commissions, the transaction is an accord and satisfaction, and the plaintiff cannot recover the difference: Godshalk v. Richardson, 1 D. & C. 798.

At the time of the trial of this case, the defendant asked us to give binding instructions for him on the ground that the payment of the $50 and the reception of it was an accord and satisfaction. The case of Osbourn v. Magee Carpet Co., 67 Pa. Superior Ct. 100, was cited by the plaintiff in opposition to this request. At that time, without having had time to study the case, we thought the principle involved in it was applicable to the case at bar. After having had time to consider this case, we feel confident that it is not like the case at bar. In that case a check for a smaller amount than was stated on the bill was sent the plaintiff with this writing: "As per letter and statement of even date. No receipt required. If not correct return with alterations." Upon receipt of this check, the plaintiff struck out the expression "As per letter and statement of even date" and inserted in its place the following: "For eng. serv. on acct." And at the same time he mailed a letter to the defendant, repudiating their statement of the contract and declining to be bound by what had been written on the check, which he advised the defendant company he had altered. Surely in this case there was no accord and satisfaction. The minds of the parties did not meet and the plaintiff so notified the defendant. The plaintiff applied the payment of $100 on account, and he could sue for the balance which he claimed was due him. This being so, there could be no satisfaction; while in the case at bar the check was received, was cashed and not a word of remonstrance was given. The cases are entirely unlike, and, after mature deliberation, we think, in the light of the authorities before cited, that this case falls within the class of those already cited, and we must, therefore, hold that there was an accord and satisfaction.

We are not deciding this case in exactly the manner we would like to have it, but the plaintiff has furnished us with such meagre proof, and in some instances with none at all, so that, no difference what may be our own inclinations, we must sustain the motion for judgment non obstante veredicto.

And now, to wit, July 11, 1923, in accordance with the expression in this opinion contained, the motion is sustained and judgment is directed to be entered in favor of the defendant non obstante veredicto.

From R. S. Hemingway, Bloomsburg, Pa.