# Sollenberger and Branthaver *v.* Scattergood, Appellant.

*Contracts—Breach of contracts—Settlement—Accord and satisfaction.*

Where there is a controversy between two parties as to the amount due by the one to the other, and money is sent by the

Syllabus—Arguments.    [82 Pa. Superior Ct.

debtor to the creditor with notice that it is paid in full settlement of the latter's claim, the debt will be discharged, if the creditor accepts and retains the money.

In an action for breach of contract for the sale of merchandise, it appeared that in the negotiations between the parties there was a tender by the defendants to plaintiffs of a check for the amount said to be due the latter "on this shipment," accompanied by a declaration that the check covered the plaintiffs' claim in full on the shipment in dispute; and an acceptance of the check by the plaintiffs, and a retention of the money. These embraced all the elements necessary for an accord and satisfaction as to claims growing out of that shipment, and there could be no recovery.

Argued October 22, 1923. Appeal, No. 281, Oct. T., 1923, by defendant, from judgment of C. P. Franklin Co., Oct. T., 1921, No. 252, on verdict for plaintiff in the case of Charles W. Sollenberger and Charles E. Branthaver, partners, trading and doing business as Sollenberger and Branthaver, v. Samuel F. Scattergood, John K. Scattergood and William B. Scattergood, partners, trading and doing business as S. F. Scattergood and Company. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Reversed.

Assumpsit for breach of contract. Before BARNETT, P. J., 41st Judicial District, Specially presiding.

The facts are stated in the opinion of the Superior Court.

The jury rendered a verdict in favor of plaintiff for the sum of $1,445.18, and judgment was entered thereon. Defendant appealed.

*Errors assigned* were various rulings on evidence, and refusal of defendant's motion for judgment non obstante veredicto.

*Walter K. Sharpe,* and with him *James S. Rogers* and *John W. Hoke,* for appellant.—The letters written by the defendants to the plaintiffs, together with the acceptance of the check, constitute an accord and satisfaction:

571, (1924).]  Arguments—Opinion of the Court.
Meaker Galvanizing Co. v. McInnes & Co., 272 Pa. 561;
Gas Co. v. Johnson, 123 Pa. 576; Bernstein v. Hirsch,
33 Pa. Superior Ct. 87; Christman v. Martin, 7 Pa. Su-
perior Ct. 568; Luella Coal & Coke Co. v. Gano, 61 Pa.
Superior Ct. 37; Rhoads's Est., 189 Pa. 460.

*Edmund C. Wingerd,* and with him *William S. Hoer-
ner,* for appellees, cited: Elliott on Contracts, 267 and
272; 1 Corpus Juris, 257; Bernstein v. Hirsch, 33 Pa.
Superior Ct. 87; Krauser v. McCurdy, 174 Pa. 174.

OPINION BY KELLER, J., February 29, 1924:
This action concerns a car, (40 tons,—800 sacks), of
cottonseed meal sold by defendants to plaintiffs on June
9, 1920, and delivered on July 20, 1920.  On inspection
plaintiffs found some of the meal damp, musty and
caked and not fit for cattle feed, and notified defendants
they would not accept the car.  One of defendants, there-
upon, came to plaintiffs' place of business and induced
them to unload the car, stating, (according to one of
the plaintiffs) "If we would unload the car, he would
stand by us and see that we didn't lose anything on the
meal, on account of the bad condition of the meal"; or,
as stated by the other plaintiff: "Boys, you unload this
car; we don't know how much of it will be good; there
may be some of it good in this car.  Unload the car and we
will stand by you."  The meal was accordingly unloaded
and put in plaintiffs' warehouse.  This was on or about
July 25, 1920.
On August 9, 1920, defendants wrote plaintiffs that
an analysis of the meal showed that all of it, (even the
portion alleged to be damaged), contained more than the
guaranteed 36% protein, which was the only warranty in
the order, and therefore they claimed to have fulfilled the
terms of their contract; but with the view of securing
an allowance from the shipper from whom they had
bought, they asked to be advised by return mail what
allowance the plaintiffs desired "in order to close this

matter out." To this there was evidently some sugges-
tion from the plaintiffs—probably by telephone, for no
letter was produced—of a total loss on 75 sacks, for on
August 30th defendants wrote plaintiffs, "referring fur-
ther to Car RI&G 350061 which arrived partly out of
condition at your station," that in their negotiations
with the shipper "to get this claim settled" he would not
agree to plaintiffs' contention that the 75 bags of spoiled
meal in this car were totally worthless, as they could
certainly be sold for fertilizer and that this must be
done before the matter could be adjusted, "and we will
then be in a position to settle your claim properly." In
several subsequent letters defendants reiterated their
request for a statement, and while these letters refer in
terms to the 75 bags above-mentioned, it is clear that they
recognized no other claim but that growing out of the
75 bags of musty or caked meal, and that the amount to
be allowed on that account was yet to be determined and
therefore matter of controversy.

Following these requests, on September 30th, plain-
tiffs sent defendants a statement as follows:

> "3¾ tons C. S. meal .............. 262.67
> Cr. credit by $10. per ton ........ 37.50
> _____
> Balance due .............. 225.17"

To which, on October 1st, defendants sent plaintiffs the
following reply:

"We now have your statement of yesterday on car of
Cottonseed Meal, RI&G 350061, and we note that you
have received $75.00 for this Meal and are crediting our
account $10.00 per ton or $37.50, which is satisfactory.

"However you have failed to deduct from your claim
the overallowance in freight we have made you on this
shipment, amounting to $135.96, and the statement at-
tached herewith shows just what is due you on this ship-
ment. Accordingly, we are enclosing you herewith, our
check for $89.21 covering your claim in full on this

car, which we hope is entirely satisfactory to you, for which check we will appreciate an acknowledgment.

"We are glad to have had this matter adjusted and with kindest personal regards to the members of your firm, we are," etc.

Plaintiffs accepted and retained the check.

.On December 24, 1920, plaintiffs sold the rest of the meal for fertilizer for $995.67, and on March 21, 1921, presented a claim against defendants for the difference between that amount and the original purchase price. Payment being refused they brought this action.   Defendants set up an accord and satisfaction.

It is of course true that the mere fact that a creditor receives less than the amount claimed by him to be due, with knowledge that the debtor denies indebtedness beyond that amount, does not in itself constitute an accord and satisfaction: Rothschild v. Trexler, 82 Pa. Superior Ct. 116.   It is necessary that the money should be offered in full satisfaction of the demand and be accompanied by such acts or declarations as amount to a condition that the money, if accepted, is accepted in satisfaction of the claim: Foye v. Lilley Coal & Coke Co., 251 Pa. 409, 417.   But where there is a controversy between two parties as to the amount due by the one to the other and money is sent by the debtor to the creditor with notice that it is paid in full settlement of the latter's claim, the debtor will be discharged if the creditor accepts and retains the money: Bernstein v. Hirsch, 33 Pa. Superior Ct. 87, 89; Polin v. Weisbrot, 52 Pa. Superior Ct. 312, ·315; Christman v. Martin, 7 Pa. Superior Ct. 568, 573; Washington Natural Gas Co. v. Johnson, 123 Pa. 576, 593.

It must be remembered that in the present case there was but one order, one shipment, one car of cottonseed meal.   We do not have the case of two separate and entirely distinct transactions, as in Krauser v. McCurdy, 174 Pa. 174; nor of an original contract, and a claim for extras, not forming part of the original contract, as in

Foye v. Lilley Coal & Coke Co., supra. When, therefore, defendants in their letter of August 9th, following the unloading of the meal, asked to be advised what allowance the plaintiffs desired "in order to close this matter out," they were manifestly referring to the total claim of the plaintiffs growing out of the entire shipment. In their subsequent requests for a statement there is no recognition of any claim on the part of the plaintiffs beyond that growing out of the 75 bags and the amount of that is unliquidated. And when in their final letter of October 1st defendants enclosed their check, they gave plaintiffs express notice that it was intended to cover plaintiffs' "claim in full on this car," in accordance with the statement enclosed which showed the amount due plaintiffs "on this shipment," that is, on Car RI&G 350061. With this before them, it was the plain duty of the plaintiffs to accept the check with the condition attached to it, or to return it: Washington Natural Gas Co. v. Johnson, supra, p. 593; Bernstein v. Hirsch, supra, p. 89; U. S. Casualty Co. v. Mather, 67 Pa. Superior Ct. 42, 45. They chose to accept it. They did not even notify defendants that it was not accepted in settlement, but would be credited on account, as in Societe Anonyme, etc., v. Loeb, Lipper & Co., 239 Pa. 264. They gave no intimation that any claim arising out of the shipment was in reserve.

We have thus, (1) a controversy growing out of the shipment of a car of cottonseed meal; (2) a tender by defendants to plaintiffs of a check for the amount said to be due the latter "on this shipment"; (3) accompanied by a declaration that this check covered the plaintiffs' claim in full on this car, which is equivalent to a condition that if accepted it should be in full discharge of the claim (Bernstein v. Hirsch, supra); and (4) an acceptance of the check by the plaintiffs and their retention of the money. These embrace all the elements necessary for an accord and satisfaction: U. S. Casualty Co. v. Mather, supra, p. 46.

As the notice, that the check sent plaintiffs was in full payment of their claim on the car of cottonseed meal, was in writing and it is not contended that it was verbally modified, it was for the court to declare its legal effect: Polin v. Weisbrot, supra, p. 315; 'Meaker Galvanizing Co. v. McInnes, 272 Pa. 561, 565.

The first assignment of error is sustained. In view of this disposition of the case it is not necessary for us to pass upon the other assignments.

The judgment is reversed and the record is remitted to the court below with instructions to enter judgment for the defendants notwithstanding the verdict.