## Crescent Corrugated Paper Products Co. *v.*
## Weaver Paper Co., Appellant.

*Contract—Accord and satisfaction—Binding instructions.*

In an action of assumpsit for price of goods sold and delivered, where the defense set up was an accord and satisfaction, and there was evidence that plaintiff had accepted defendant's check as payment in full and had retained the proceeds thereof, the defendant was entitled to binding instructions in his favor.

Argued October 15, 1924.  Appeal, No. 18, Oct. T., 1924, by defendant, from judgment of Municipal Court of Phila. Co., May T., 1923, No. 935, in favor of plaintiff in the case of Crescent Corrugated Paper Products Company, a corporation, v. Samuel L. Weaver, trading as Weaver Paper Company.  Before ORLADY, P. J., HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Reversed.

Assumpsit for goods sold and delivered.  Before WALSH, J., without a jury.

The facts are stated in the opinion of the Superior Court.

The court found in favor of plaintiff in the sum of $27.71.  Defendant appealed.

*Errors assigned* were the finding in favor of the plaintiff and refusal of defendant's motion for judgment non obstante veredicto.

*Samuel J. Gottesfeld,* for appellant.—Settlement between parties constituted a good accord and satisfaction which discharged defendant: Bernstein v. Hirsch, 33 Pa. Superior Ct. 87; U. S. Casualty Co. v. Mather, 67 Pa. Superior Ct. 42; Gas Co. v. Johnson, 123 Pa. 576; Polin v. Weisbrot, 52 Pa. Superior Ct. 312.

*Edwin Fischer,* and with him *Abraham M. Rose* and *George Wentworth Carr,* for appellee.

OPINION BY KELLER, J., December 12, 1924:

The action was in assumpsit for goods sold and delivered. The defense was an accord and satisfaction.

Plaintiff sold and delivered to defendant certain goods. Defendant claimed to set off against this account a bill for merchandise which, he alleged, had been sold and delivered by him to plaintiff. The latter denied liability and averred that the bill in question had been incurred by its manager for his individual account.

Finally, plaintiff's account was placed in the hands of a collection agency with full authority to adjust the matter, and, with the plaintiff's consent, the agency settled with the defendant by allowing the credit and accepting a check for $7.72, as payment in full; and plaintiff ratified by accepting and retaining the proceeds. Written upon the face of the check were the following words: "For payment in full due Crescent Corrugated Paper Products Co."; and the letter which accompanied it contained the following: "This is with the understanding that our account with the Crescent Corrugated Paper Products Co. is in payment in full." The letter of plaintiff's agent acknowledging the check recognized that it covered all that was owing by defendant to plaintiff.

Notwithstanding this, the plaintiff subsequently brought this action for the balance of its account.

Under the facts above stated a valid accord and satisfaction was effected between the parties and the defendant was entitled to binding instructions in his favor:

Bernstein v. Hirsch, 33 Pa. Superior Ct. 87; Polin v. Weisbrot, 52 Pa. Superior Ct. 312; U. S. Casualty Co. v. Mather, 67 Pa. Superior Ct. 42; Sollenberger v. Scattergood, 82 Pa. Superior Ct. 571.

The assignments of error are sustained, the judgment is reversed and is now entered for the defendant non obstante veredicto.